[S. F. No. 146.   Department Two.—December 27, 1895.]

IN THE MATTER OF THE ESTATE OF HENRY WELCH, DECEASED.   JOHN PURCELL, APPELLANT, *v.* MARY C. YOUNG ET AL., RESPONDENTS.

ESTATES OF DECEASED PERSONS—PETITION TO REMOVE ADMINISTRATOR—
    EVIDENCE—DECLARATIONS OF DECEASED.—Under a petition to remove
    an administrator upon the ground that the deceased had, at the time of
    his death, a large sum of money, which came into the possession of the
    administrator, or of which he had knowledge, which he failed to include
    in his inventory, evidence of declarations made by the deceased in re-
    spect to the value of his estate, and that he had a large sum of money
    in his house, is not admissible against the administrator, to prove the
    ownership or possession of the money.
ID.—INTEREST IN PARTNERSHIP—TRANSFER BY DECEDENT—REMOVAL OF AD-
    MINISTRATOR.—Where the only evidence tending to show that the dece-
    dent owned an interest in a partnership with the administrator was the
    fact that, a few days before his death, he assigned his interest in it to his
    wife, and there are no grounds for attacking the transfer, the adminis-
    trator cannot be removed for failing to show the partnership interest of
    the deceased in the inventory.
ID.—IMPROPER PAYMENT OF ATTORNEY'S FEE.—The fact that the adminis-
    trator improperly paid an attorney's fee is no ground for his removal.
ID.—CUSTODY OF ASSETS BY ADMINISTRATOR—POWER OF COURT—BOND OF
    ADMINISTRATOR.—An administrator cannot be deprived of the actual
    custody of the assets of the estate by an order of the probate court di-
    recting him where and how he shall keep them; but the administrator
    is liable for their safety on his bond, and the court cannot lawfully take
    charge of the assets or deprive interested parties of the security of the
    bond.

APPEAL from an order of the Superior Court of the City and County of San Francisco removing John Purcell from the position of administrator of the estate of Henry Welch, deceased.   J. V. COFFEY, Judge.

The administrator, John Purcell, was charged with retaining twelve hundred dollars from the sale of a one-half interest in a threshing machine, belonging to Henry Welch, for which he failed to account.   He denied that he collected or received any money on account of Henry Welch from the sale of any interest in a thresh-ing machine, and claimed that he had paid money to the deceased for safe-keeping, for which he presented a claim

against the estate to the amount of upwards of five thousand dollars.

The further facts are stated in the opinion of the court.

*John T. Greany*, for Appellant.

The declarations said to have been made by Welch, not in the presence or hearing of appellant, and the declarations made by the widow and Michael Purcell, which were not shown to have been made in his presence, or with his knowledge or consent, were hearsay. (*People v. Irwin*, 77 Cal. 494.)

*Chas. A. Sumner*, and *M. T. Moses*, for Respondents.

The declarations of one deceased, claiming property as his own, at a time when he was in possession and control of it, are admissible to prove his ownership. (*McConnell v. Hannah*, 96 Ind. 102; *Headen v. Womack*, 88 N. C. 468; *Whitwell v. Winslow*, 132 Mass. 307; *Davis v. Drew*, 58 Cal. 152; *Abend v. Mueller*, 11 Ill. App. 257; *Bennett v. Camp*, 54 Vt. 36; *Swettenham v. Leary*, 18 Hun, 284; *Mayes v. Power*, 79 Ga. 631; *Carney v. Carney*, 95 Mo. 353; *Tait v. Hall*, 71 Cal. 152; *Lamoreux v. Huntley*, 68 Wis. 24.) While mere hearsay or declarations are not admissible as evidence to prove facts, yet when there is a claim and assertion of ownership, which can only be proved by acts and words of the claimant, such acts and accompanying words stand on the same footing, and are admissible for this purpose. (*Phipps v. Pierce*, 94 N. C. 514.) The statements that Welch owned the interest in the partnership are so connected with the transactions between the alleged partners as to be a part of the *res gestæ*, and are therefore clearly admissible. (*Hilton v. McDowell*, 87 N. C. 364.)

TEMPLE, J.—This is the second appeal in this matter. (*In re Welch*, 86 Cal. 179.)

After the *remittitur* was filed, the petition for the removal of the administrator was amended, and the mat-

ter retried. The court found as before, and also three additional facts, and again removed the administrator. The order is expressly based solely upon the new facts found on the retrial. They are: 1. That deceased had, at the time of his death, ten or twenty thousand dollars in money, which came into the possession of the administrator, or of which he had knowledge. That he failed to include it in his inventory, or to inform the court thereof; 2. That said Purcell collected for Henry Welch, before Welch's death, some twelve hundred dollars, which he has not accounted for or charged himself with; and 3. That Welch was a partner in the firm of "McKenna and Purcell," his interest standing in the name of said Purcell, who was only nominally a partner, and that he has not shown that interest in the inventory, or given any information in regard thereto to the court.

In regard to the first finding, which, no doubt, is most relied upon, if the evidence produced were competent, it does raise a grave suspicion that some assets were concealed, either by the widow or her brother, who is the administrator, or both.

It is not necessary to discuss the question as to whether this finding was supported by the evidence. Errors were committed on the trial in the admission of testimony which will necessitate a new trial.

The evidence was almost all hearsay, consisting largely of declarations made by the deceased to the effect that his estate was of the value of fifty, sixty, or seventy thousand dollars, and that he had a large sum of money in his house. This testimony was not admissible against appellant. There is no analogy between such statements and declarations made by a person in possession of property characterizing his possession. In the last case, the claim made by the possessor is of itself a material matter. Or, in the instances where it is not so, the declarations are against interest.

Such was not the case here. The declarations were material only as showing the fact asserted, to wit, the

ownership and possession of property, the very exist-
ence of which was sought to be proven by the declara-
tions.

The conversation between Mrs. Welch, Michael Pur-
cell, a brother of appellant, and a witness for petitioner,
was irrelevant.

I do not think the evidence sustains the second find-
ing. It seems to show that Purcell did not own the
machine, but it also shows that he paid the money to
Welch. We may be at liberty to believe that Purcell
testified falsely when he said he gave the money to
Welch for safe-keeping; perhaps also to suspect that the
claim he presented against the estate was simulated.

He sold the machine two years and a half before
Welch died, and as he gave the money to Welch, the
presumption would be if Welch owned the machine it
was a payment. As to the third finding, the only real
evidence tending to show that Welch owned the inter-
est in the partnership was the fact that, a few days be-
fore his death, he assigned his interest in it to Mrs.
Welch in the presence of John Purcell. There may be
grounds for attacking this transfer, but none are shown.
Under such circumstances it would not justify the re-
moval of appellant.

If the other matters found were immaterial to the
issue they should not have been found. The fact that
appellant paid an attorney's fee improperly would con-
stitute no ground for his removal.

I know of no law which authorizes a probate judge to
direct an administrator where and how he shall keep
the assets of an estate, and surely there ought to be no
such law. The administrator is liable for their safety
on his bond. If the court could lawfully take charge of
them it would deprive interested parties of this security.
If goods are lost it may be a question whether they have
been properly cared for. If they have been placed
where the judge has directed, and then lost, he will
have prejudged the case before the trial.

Administrators cannot be deprived of the actual cus-
tody of the assets of the estate by such an order.

The order is reversed and a new trial ordered.

McFARLAND, J., and HENSHAW, J., concurred.

Hearing in Bank denied.