In this opinion the parties will be referred to as in the district court, the plaintiff in error being referred to as appellant, and the defendant in error as the appellee.
On December 12, 1932, the appellant, as administrator of the estate of George W. Brown, deceased, filed in the probate court of Noble county an annual account of his doings as administrator of the estate of George W. Brown, deceased, covering his accounts from the date of his appointment on January 3, 1925, to December 10, 1932.
At the end of the items of receipts, after showing a total amount of $4,181.15, the appellant states:
"$1,500 of said sum is drawing five per cent. interest on demand loan."
At the end of the account, after showing a balance due of $1,717.61, the appellant makes the following explanation of that balance:
"$1,500 of the above balance is drawing interest at five per cent. per annum, the rest is a checking account to pay taxes and
Appellee, as one of the creditors of said estate, filed written objections to said report, all of which were overruled and no exceptions taken thereto except objection designated No. 3, which was in words and figures, to wit:
"Your objector specifically objects to the item in said report of $1,500 loaned as a private demand loan at 5 per cent. interest, and avers that he is informed and verily believes, and therefore states the facts to be that said loan of $1,500 is unsecured, and is made to said H.A. Johnson in direct, violation of law, and your objector respectfully requests the court to investigate said facts and ascertain the truth thereof and to require said administrator to account therefor."
On January 11, 1933, the county court made the following order on the hearing of contest:
"It is * * * ordered, adjudged, and decreed that * * * said objections be sustained, and the same is hereby sustained; and that the administrator, A. Pancoast, is hereby surcharged in the sum of $1,500, together with interest thereon at the rate of 6 per cent. per annum from June 4, 1931, until said $1.500 is returned to said estate by said administrator.
Appellant appealed to the district court or Noble county, and upon the trial there was introduced in evidence as Exhibit B a note for $1,500, bearing interest at 5 per cent. per annum. executed by H.A. Johnson to appellant; as Exhibit B a collateral note in the sum of $28,000 given by A.F. Finley to H.A. Johnson; and as Exhibit C a mortgage securing the same by the same parties. There was no evidence to the effect that said $1,500 note was inadequately secured, nor any loss had or would result to the estate by reason of the loan of $1,500 evidenced by said note; nor was there any evidence introduced pending the showing that the bond was inadequate to protect the estate from any losses which might result through any improper administration of the estate. Thereupon the district court entered the following order:
"It is therefore considered, ordered and adjudged by the court that judgment by the county court be and the same is hereby affirmed and the cause remanded to the county court of Noble county, Okla., with directions to carry out its judgment as rendered. Costs, taxed to appellant, all of which appellant excepts, and his exceptions are allowed by the court."
This is an appeal from the judgment of the district court of Noble county. It is the contention of appellant that the probate judge had no authority to direct an administrator where and how he shall keep the assets of the estate, citing In re Welch's Estate, 110 Cal. 605, 42 P. 1089; and that therefore the judgments of the county and district courts surcharging him in the sum of $1,500, with interest at 6 per cent. thereon from June 4, 1931, is wholly erroneous, and should be reversed by this court. Appellee in his brief contends said $1,500 loan was wholly unauthorized and amounted to a conversion by appellant of said $1,500, thereby rendering him chargeable with liability thereon, with interest at the rate of 6 per cent. per annum from June, 1931. In support of this contention, appellee cites In re Horseman's Estate, 167 Okla. 355, 29 P.2d 589, together with other cases cited therein.
The only investment of the funds which the appellant was authorized to make was that authorized by section 1206, O. S. 1931, which reads as follows:
"Investment of Funds, Pending Settlement — Notice.
"Pending the settlement of any estate on the petition of my party interested therein, the county court may order any money in the hands of the executor or administrators to be invested for the benefit of the estate, in securities of the United States. *Page 308 
Such order can only be made after publication of notice of the petition in some newspaper to be designated by the judge."
The representative's function is to wind up and distribute the decedent's interests. In absence of statutory authority, he has no right to speculate with or invest the assets in his hands. His duty is not to make money for the estate, but to save that which came into his hands and keep the money ready for payment of obligations of the estate and for distribution.
The loan of $1,500 of the funds of the estate in the manner attempted by appellant amounted to a wrongful and unlawful conversion thereof and cannot be sanctioned. It is therefore the opinion of the court that the order and judgment of the district court should be and is hereby affirmed.
The Supreme Court acknowledges the aid of Attorneys William M. Taylor, Clarence A. Warren, and Logan Stephenson in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Taylor and approved by Mr. Warren and Mr. Stephenson, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.
McNEILL, C. J., OSBORN. V. C. J., and RILEY, WELCH, and CORN, JJ., concur.