The firm of Straub Morris were agents of the plaintiff at Pittsburgh, Pa., in August, 1889, and on the 7th day of that month, as such agents, they issued a policy of insurance whereby the plaintiff insured the Ridgway Lumber Company against loss by fire to the amount of $2,500. Subsequently, on the 20th day of August, the defendant appointed them its agents also. They reported that policy to the plaintiff on the 19th day of August, and it wrote to its special agent, Frank Aull, to have the risk reduced to $1,000, and he notified the agents to cancel the policy or reduce the risk to $1,000, by reinsurance. Thereafter, on the 21st day of September, Straub Morris, being then agents for the plaintiff and defendant, reinsured plaintiff's risk with the defendant, to the amount of $1,500, by entering the agreement for reinsurance in their binder book. Subsequently, on the 12th day of October, the property insured was destroyed by fire before the reinsurance had been reported to the defendant or had come to its knowledge. The plaintiff paid the amount of its liability under its policy for the loss, and then brought this action against the defendant to recover three-fifths thereof under its reinsurance agreement. The defendant refused payment and defended the action on the ground that Straub Morris could not bind it by the agreement for reinsurance *Page 449 
because they were at the same time the agents of the plaintiff, and could not act in the dual capacity of agents for both parties in effecting the reinsurance. The court below upheld the contention of the defendant, and whether it was right in so doing is the sole question for our determination.
It is not doubted that the same person may sometimes act as agent for the two parties in the same transaction. But he can do so only in case he has no discretion to exercise for either party. An agent to sell for one party may also act as agent for the buyer, but only in case the price and terms of sale have been fixed by each party, so that nothing is left to his discretion. But an agent to sell intrusted with a discretion, and thus bound to obtain the best price he can, cannot buy for himself or as agent for another. In such a case he would occupy antagonistic positions, and there would be a conflict of interests. He could not faithfully serve the one party without betraying the interests of the other. He would at least be under great temptation to betray the interest of one of the parties. So a person may sometimes act as agent of both parties in the making of any contract. But he cannot do so when he is invested with a discretion by each party, and when each is entitled to the benefit of his skill and judgment. The rules of law upon this subject have been laid down and illustrated in many cases of which it is sufficient for the present purpose to cite the following: Utica Ins. Co. v. Toledo Ins. Co. (17 Barb. 132);Rett v. Washington Marine and Fire Ins. Co. (41 id. 353);N.Y. Central Ins. Co. v. National Fire Ins. Co. (14 N.Y. 85);Claflin v. Farmers Citizens' Bank (25 id. 293); Murray v.Beard (102 id. 505, 509); Porter v. Woodruff (36 N.J. Eq. 174) ; Michoud v. Girod (4 How. [U.S.] 503).
Contracts thus negotiated are void at the option of any non-assenting party thereto. The policy of the law condemns them. It matters not that the agent has acted fairly and honestly, and even that neither party to the contract has suffered injury. It is enough to condemn the contract that the common agent in fact had any, even the least, discretion *Page 450 
to exercise for the parties. As said by the chancellor inPorter v. Woodruff, "So jealous is the law upon this point that it will not even allow the agent or trustee to put himself in a position in which to be honest must be a strain upon him."
These principles of law are not disputed by the counsel who argued this case, and they are so thoroughly embodied in the law that they could not be. Their difference is as to their application to this case. The learned counsel for the plaintiff contends that Straub Morris had no discretion to exercise for the plaintiff in effecting the reinsurance; that so far as they had any discretion to exercise it was for the defendant alone, and thus that there was no antagonism or incompatibility between the duties they owed to each of their principals; and here we think is his mistake. Straub Morris were ordered to reduce the plaintiff's risk by cancelling the policy or by reinsuring three-fifths thereof, and this order they were absolutely bound to obey. They had a discretion to exercise in determining whether they would cancel or reinsure, and in making that determination they acted solely for the plaintiff. They determined to reinsure, and thus the option they had to cancel disappeared as if it had never existed, and it can play no part in this case. They then owed the duty to the plaintiff to reinsure if they could. It does not appear why the plaintiff was unwilling to carry the $2,500 of insurance. It may have been because it thought there was over-insurance, or that the risk was too hazardous, or that for some other reason the insurance was unprofitable or undesirable. It might have been difficult to obtain the reinsurance from any other good company. It is quite clear from what appears in this record that the defendant would not knowingly have reinsured the risk. In order to procure the reinsurance the agents owed the plaintiff their utmost diligence and skill. They had issued an improvident or undesirable policy, and they must have felt under a very strong obligation to reduce the risk as directed. They owed a duty to the plaintiff to take the reinsurance, even if they were convinced that it was undesirable, hazardous *Page 451 
and unprofitable, and the more thoroughly they were convinced of these things, the more urgent was their duty to protect the plaintiff. On the contrary, as agents of the defendant, they were bound to exercise their discretion on its behalf, and not make the reinsurance without inquiring and knowing that the risk was a proper one for it to take. It was their duty to it not to take the risk if there was over-insurance or if it was too hazardous, or if it was unprofitable and undesirable; and hence this was a case where they could not in this transaction serve the two masters. There was conflict in their duties and they were under a strong temptation to fail in their allegiance to one or the other of their principals. Hence this agreement is clearly one which the policy of the law condemns, and we see no reason to doubt that the court below properly applied the principles of law, and its judgment should be affirmed, with costs.
All concur.
Judgment affirmed.