Plow Co. v. Ward.

The Peru Plow and Wheel Company v. R. B. Ward.

1. Surety —*Material Change of Contract.* A surety has a right to stand upon the very terms of his contract, and if a material variation is made therein, without his assent, he is discharged.

2. ——— *When Released from Liability.* One who becomes security for the payment of a debt evidenced by three notes due, respectively, in one, two, and three years, is released from liability, if, without his assent, the principals on the notes and the creditor payee agree, upon sufficient consideration, that upon the failure to pay either of said notes, they all shall become due and payable, and if, pursuant to such agreement, an action is brought within two years against the principals and the surety on the three notes.

Memorandum.—Error from Republic district court ; F. W. Sturges, judge. Action by the Peru Plow and Wheel Company against R. B. Ward. Judgment for defendant. Plaintiff brings the case here. Affirmed. The material facts are stated in the opinion herein, filed July 6, 1895.

*Noble & Hogin,* for plaintiff in error.

*Jay F. Close,* and *N. T. Van Natta,* for defendant in error.

The opinion of the court was delivered by

Garver, J. : Under date of February 1, 1887, R. B. Ward became security for M. W. Ward and Thomas Ward for the payment of an indebtedness of $1,654.38, to the Peru Plow and Wheel Company, and as security signed three notes for $551.46 each, due and payable, unconditionally, in one, two, and three years, respectively, after date. As additional security, and before accepting said notes, said company demanded and received from M. W. Ward a mortgage

on certain real estate in the town of Scandia, the
mortgage stating that it was given to secure said
notes, and also contained the condition : "If said sum
or sums of money, or any part thereof, or any interest
thereon, is not paid when the same is due ; and if the
taxes and assessments aforesaid (taxes and assess-
ments levied upon said real estate) are not paid when
the same are by law made due and payable, then, and
upon default of these provisions and covenants, or
any or either of them, the whole of said sum and sums,
and interest thereon, shall by these presents become
due and payable." The surety did not assent to this
change of the contract, and defends on that ground.
This presents the single question : Do the conditions
of the mortgage effect such a change of the contract
as will release the surety? We think they do. By
the terms of the notes, neither the principals nor the
surety could be called upon for payment of the second
and third notes in less than two and three years, re-
spectively, from their dates. By the terms of the
mortgage, the failure to pay the first note, when due,
or the failure to pay the taxes which might be as-
sessed against the mortgaged property, caused all
three notes to become at once due and payable. (*Stan-
clift v. Norton*, 11 Kas. 218.) Even though it might
be said that such would not be the legal effect of the
contract contained in the mortgage as to the surety,
he not being a party thereto, yet it would be placing
upon him an obligation materially different from that
which he voluntarily assumed. His contract was to
pay the several sums mentioned in the notes, if the
principals failed to pay the same according·to their
express terms. He became surety upon the express
agreement that the principals had three years within
which to discharge this indebtedness, and not that

they might be called upon for the whole amount in one year. Here is a marked and material change of the contract.

A surety may stand upon the very terms of the contract which he voluntarily entered into, and other parties to such contract cannot change or vary its terms in any material particular without his consent. If they do so, the surety may allege and prove such fact, and upon it claim his discharge. As said by Mr. Justice Story, in *Miller v. Stewart*, 9 Wheat. 681:

"The liability of a surety is not to be extended by implication beyond the terms of the contract. To the extent and in the manner and under the circumstances pointed out in the obligation, he is bound, and no further. It is not sufficient that he may sustain no injury by the change in the contract, or that it may be for his benefit. He has the right to stand on the very terms of his contract, and if he does not assent to any variation of it, and a variation is made, it is fatal."

An agreement between the principal debtor and his creditor, without the assent of the surety, to extend the time of payment of the note, releases the surety. (*Rose v. Williams*, 5 Kas. 483; *Jenness v. Cutler*, 12 id. 500; *Hubbard v. Ogden*, 22 id. 363.)

These decisions rest upon the principle that, if the surety is held under the changed contract, he is bound by an obligation different from that which he assumed; and it is this which controls the decisions of the courts in that class of cases, rather than that the extension of time is an injury to the surety by preventing him from taking prompt action against the principal for his indemnity. The same principle applies to a shortening of the time of credit.

"When he [the surety] has agreed that his principal shall pay money, or perform any other contract,

by a specified day, the change of time to a different day is not the agreement into which he entered, and to enforce its performance would be to permit other and unauthorized persons to make for him a contract." (*Flynn v. Mudd*, 27 Ill. 323.)

"If the surety is sued upon the old agreement, to which alone his undertaking was accessory, he has only to show that that has ceased to exist, and no longer binds his principal; and if he is sued upon the substituted agreement, he is entitled, both in law and equity, to make the short and conclusive answer '*non hæc in fœdera veni*.'" (*Ide v. Churchill*, 14 Ohio St. 372; *Mayhew v. Boyd*, 5 Md. 102; same case, 59 Am. Dec. 101.)

The exact question involved in this case was considered and thus commented on in *Bacon v. Chesney*, 1 Starkie, 192:

"The claim as against the surety is *strictissimi juris*, and it is incumbent on the party to whom the guaranty is given, and who is enforcing it against the surety, to show that he has strictly complied with the terms of the guaranty; and, therefore, if one engage to guarantee the debt of another, provided 18 months' credit be given, the creditor is not at liberty to vary it by giving 12 months only, and, after the expiration of six more, to call upon the surety; but the surety in such a case would be discharged."

The same principle applies to the facts of this case with the same legal effect. As bearing further on the question, see *Wright v. Johnson*, 8 Wend. 512; *National Bank v. Mattingly*, 92 Ky. 650; *Mayhew v Boyd*, 5 Md. 102; *Paine v. Jones*, 76 N. Y. 274; *Gower v. Halloway*, 13 Iowa, 154; *Coburn v. Webb*, 56 Ind. 96.

Counsel for plaintiff in error claim that the evidence shows that the surety subsequently assented to the change of the contract. Any such question is disposed of by the findings of the court on conflicting,

and, we think, sufficient, testimony, and it is not now a subject for review by this court. The judgment will be affirmed.

All the Judges concurring.