PERU PLOW AND WHEEL COMPANY .v. R. B. WARD.

No. 255.

1. RES ADJUDICATA—*suit on one note of a series is, as to others between same parties.* In a judgment in a case between these parties, upon one note of a series of three given at the same time to secure one entire debt, but payable in one, two and three years, it was determined that the defendant was surety thereon and was released by a material change in the contract made by the plaintiff Company and the principal makers. *Held,* that that judgment is conclusive in this action upon the other notes of the series. *Plow Co. v. Ward,* 1 Kan. App. 6.

2. STATUTE OF LIMITATION—*partial payment by principal without knowledge of surety does not toll.* An indorsement of a partial payment without the knowledge of the surety and without his authority therefor, from moneys derived from the sale of property pledged by the principal makers, does not take the note out of the operation of the Statute of Limitations as to the surety.

Error from Republic District Court. Hon. F. W. Sturges, Judge. Opinion filed November 15, 1897. *Affirmed.*

On the first day of February, 1887, M. W. Ward and Thomas Ward, who were partners in business, were indebted to the plaintiff in error. On that date they made their three promissory notes, payable in one, two and three years after date to the order of the plaintiff. For the purpose of securing the payment of the notes, they procured the defendant in error, R. B. Ward, a brother, to sign the notes with them as surety. On tender of the notes, they were declined until Ward Brothers would furnish further security by way of mortgage upon real estate, which they accordingly did.

By the condition of this mortgage the contract which R. B. Ward, the surety, had entered into or had proposed to enter into with the plaintiff Company,

19—6 KAN. APP.

was materially modified in its terms, in this : It was provided in the mortgage that in case of a failure on the part of the makers of the notes to pay any one of said series, the entire series should become due and payable. It was further changed in this ; that if the makers of the notes should fail to pay the taxes and assessments levied upon the lands when the same became due and payable the whole of said debt evidenced by the three notes should at once become due and payable.

Upon the maturity of the first note, it not being paid, the plaintiff in error brought an action upon the notes and mortgage against all the makers, including the surety, in which it claimed the benefit of this default, and claimed that all the notes had become matured by reason thereof.

The defendant R. B. Ward, who signed the note as surety, had no knowledge whatever of this change in the terms of the contracts evidenced by the notes and did not in any manner consent thereto. By his answer he set forth this defense. Thereupon, the plaintiff dismissed its two causes of action upon the second and third notes as against the defendant R. B. Ward, and the case was tried upon the first note and resulted in a judgment for the defendant R. B. Ward. The case was taken upon error to the Supreme Court, subsequently transferred to this court, and the decision of this court therein will be found in 1 Kansas Appeals, 6.

In that case this court held that the modification of the contract created by the terms of the mortgage discharged the defendant as surety upon these notes. The case now under consideration was an action brought by the plaintiff in error against the surety, defendant in error, upon the second note of the series. In this action he plead, *first,* this modification of the

contract and his discharge by reason thereof; *second*, the former adjudication upon the first note as *res judicata* or estoppel upon the second note; *third*, that the note was barred by the Statute of Limitations.

The note was dated the first day of February, 1887. This action was begun upon the fifteenth day of January, 1895. The note sued on became due and payable the first of January, 1889. So that the Statute of Limitations began to run against the action upon the note in favor of the defendant in error on the fourth day of February, 1889, and almost six years had elapsed when this action was begun.

The contention of the plaintiff Company is this: In the suit upon the first note, the mortgage given upon the real estate was foreclosed, the property sold and it brought a net sum of seventy-five dollars, which was credited upon the note sued upon, by the plaintiff or its counsel, without the knowledge of the defendant. It was not a payment made by him or any one authorized by him, but an application of the proceeds of the security given by the brothers which effected his release upon the first note. Plaintiff claims that this indorsement upon the note sued upon, within the five years before the suit was commenced, tolled the statute. The case was tried by the court without a jury on the twelfth day of February, 1896, and resulted in a judgment for the defendant in error.

The court made special findings of fact which are, in effect, as herein stated. The court found, in addition to what has already been stated, that the mortgaged premises were sold under the decree of the court on the nineteenth of December, 1889, for the sum of one hundred and twenty-five dollars, and that the costs amounted to fifty dollars, leaving seventy-five dollars to apply on the judgment against the prin-

cipal makers of the note, which was so applied; that the seventy-five dollars was not indorsed on the judgment or on the notes until the fall of 1895, when credit was given on the second note for that sum; that the judgment against the principals was upon all three of the notes and mortgage. The court held in this case, as a conclusion of law, that the defendant signed the note as surety, and was released from further liability thereon because of the making of the mortgage and the provision therein by which the terms of the contract were materially changed. And, as a second conclusion of law, the court held that the prior suit involved the same question as was involved in this suit, and was conclusive against the plaintiff; and further that the note was barred by the Statute of Limitations.

*T. M. Noble*, for plaintiff in error.

*Jay F. Close* and *N. T. Van Natta*, for defendant in error.

MAHAN, P. J. The plaintiff's brief contains no formal assignments of error, but in lieu thereof propounds four questions:

I. Does the clause in the mortgage so change the terms of the contract as to release R. B. Ward? There is but one answer to this question. The modification of the contract was such as would necessarily discharge the surety if made without his knowledge or consent. This question, however, was adjudicated in the former suit and that is conclusive upon the parties. It is admitted that this note was one of a series of three, signed at the same time, by the same parties, to the plaintiff, to secure one item of indebtedness theretofore existing and made payable under the terms of the

PLOW CO. v. WARD.          293

Nov. 15, 1897.          Opinion.   Mahan, P. J.          C. Div.

notes in three instalments, and all secured by the
same mortgage. Any vice that inhered in one note
inhered in the others equally. If the defendant was
released from one he was released from all, because
the contract by which the obligation was changed
affected all alike. The same question presented in
this case was litigated in the former case, between
the same parties, respecting the same subject-matter.

II. Did R. B. Ward consent to or ratify the mort-
gage, or, is the judgment contrary to the evidence?
The finding of the court is conclusive upon this
question; that is, that the mortgage was taken with-
out the knowledge or consent of the surety, and that
by reason thereof he was discharged. This question
was likewise determined by the former adjudication.

III. Is the second note barred by the Statute of
Limitations? The trial court was correct. There can
be no two sides to this question. An affirmative an-
swer is imperative. Nearly six years had elapsed
after the maturity of the note, and the defendant
R. B. Ward had not recognized his obligation thereon
in any way. He denied the obligation; he had not
made any payment nor authorized any to be made for
him. There is no act asserted that would have the
effect of taking the note out of the operation of the
statute.

IV. Are the matters finally adjudicated by the de-
cision on the first note? This question must likewise
be answered in the affirmative. It is not necessary to
cite any authorities on this proposition. However,
the case of *Hoisington, Sheriff, v. Brakey* (31 Kan. 560),
it seems to us, is conclusive upon this question. See
also *Beloit v. Morgan*, 7 Wall. 619.

In the last case Morgan sought to recover on cer-
tain bonds of the city of Beloit. The city filed a bill

294       Plow Co. v. Ward.

N. Dept.       Opinion.   Mahan, P. J.       6 Kan. App.

upon the chancery side of the Circuit Court of the United States for the District of Wisconsin, to enjoin the proceedings at law and compel the surrender of the bonds. Morgan pleaded, by way of estoppel, a prior judgment on certain of the same series of bonds as conclusive of the validity of the whole issue. The court in its opinion, by Mr. Justice Swayne, says :

"On the ninth of January, 1861, the appellee recovered a judgment at law against the appellant upon another portion of these securities — though not the same with those in question in this case. The parties were identical, and the title involved was the same. All the objections taken in this case might have been taken in that. The judgment of the court could have been invoked upon each of them, and if it were adverse to the appellant, he might have brought the decision here by a writ of error for review. The court had full jurisdiction over the parties and the subject. Under such circumstances, a judgment is conclusive, not only as to the *res* of that case, but as to all further litigation between same parties touching the same subject-matter, though the *res* itself may be different."

The judgment is without doubt a just one and is fully sustained by principle and authority.

Judgment affirmed.