DIVINE v. MILLER.

1. LIMITATION OF ACTIONS—NOTES—NEW PROMISE.—PAYMENT on a note of the proceeds of collateral collected by the creditor after death of debtor in pursuance to his instructions, does not arrest the statute of limitations.

15—70.

2. IBID.—IBID.—IBID.—AN ADMINISTRATOR may by a promise in writing before note of intestate is barred renew same so as to bind personalty, but only such promise of the heir can bind realty, and then only to the extent of the interest of the promising heir. *Gibson* v. *Lowndes,* 28 S. C., 301, *distinguished from this.*

Before WATTS, J., Florence, January, 1904.   Modified.

Action by Jno. F. Divine against Charles D. Miller and Louisa Miller, as administrators of estate of E. Miller, and other heirs at law of E. Miller.   From Circuit decree, defendants appeal.

*Messrs. Clark, Elliott & Clark,* for appellants, cite: *The letters of administrator are not sufficient to remove the bar of the statute, and the promise of the administrator cannot bind the realty:* 28 S. C., 301; 47 S. C., 441; 63 S. C., 90; 13 Ency., 1 ed., 708; 44 S. E. R., 472. *Does the payment by foreclosure of collateral assigned at the day the debt was contracted, operate as a payment to arrest the statute:* 28 S. C., 300; 19 Ency., 2 ed., 328; 130 Mass., 199; 71 Neb., 77; 65 N. H., 175; 66 N. Y., 352; 48 Neb., 403.

*Messrs. Barron & Ray,* contra, cite: *As to the effect of the acknowledgment and promise of the administrator:* Dud., 118; 2 DeS., 577; 16 S. C., 198; 3 McC., 340; 15 Rich., 373; 9 S. C., 450; 63 S. C., 78. *The testimony of Mr. Barron is not obnoxious to sec. 400 of Code:* 3 S. C., 423; 9 S. C., 392; 25 S. C., 228; 26 S. C., 160; 33 S. C., 225; 40 S. C., 142; 6 S. C., 92; 7 S. C., 153; 11 S. C., 122; 16 S. C., 631. *Payments made by reason of foreclosure of collateral arrest the statute:* 1 Col. App., 468; 20 Me., 345; 132 Mass., 130; 37 Mo. App., 234; 14 Neb., 193; 70 Conn., 429; 161 Mass., 525; 96 N. C., 118; 97 Mass., 476; 61 S. C., 124.

November 24, 1904.   The opinion of the Court was delivered by

MR. JUSTICE WOODS.   On August 11, 1894, Dr. E. Mil-

ler gave to John F. Divine his promissory note for $1,676.02, payable one day after date. Miller died intestate on February 17, 1897, and thereafter on September 16, 1901, the plaintiff filed his complaint against the administrators of Miller's estate and his heirs at law, setting out his own note, alleging that there were other debts outstanding against the estate, and that the entire personal estate had been assigned to the widow as a homestead, and asking that the assets be marshalled, the claims established and the real estate sold for their satisfaction. The defendants in their answer admit that there is no personal estate in the hands of the administrators, and set up as a defense the statute of limitations. The Circuit Judge held that this defense could not avail because of a payment made on the note and the written promises made by C. D. Miller, one of the administrators, before the expiration of the statutory period. The appeal turns on the correctness of this ruling.

The payment relied on was made under these circumstances. Dr. E. Miller, the intestate, assigned to the plaintiff a bond and mortgage of Mrs. Beulah M. Watson as collateral to his note. Believing that Watson might set up defenses against him which would not avail against Divine, the assignee, Miller requested Divine to foreclose in his name the Watson mortgage and apply the proceeds on his own note as a payment. After full conference with Miller, J. T. Barron, Esq., Divine's attorney, commenced the foreclosure litigation, and conducted it against Mrs. Watson, under the direction of Miller, up to the time of his death. After the death of E. Miller, C. D. Miller, one of the administrators of his estate, who was also his son, corresponded with Mr. Barron on the subject, and in his letters promised in the most explicit manner that the estate would pay the balance of the debt to Divine after the application of the proceeds of the sale of the Watson land. This was in 1898, less than six years from the maturity of the Miller note.

If the suit on the Watson collateral mortgage had con-

tinued under Dr. E. Miller's direction to its termination and the proceeds of the sale had been applied to his note, under his express instructions, then the payment would have been his payment and would have arrested the currency of the statute. *Hopper* v. *Hopper*, 61 S. C., 124. Under the arrangement with Miller, Divine was not merely the holder of a collateral, but he was the agent of Miller, acting under his express direction in the conduct of the suit and the collection of the money. But Dr. Miller having died before the sale of the Watson land, from which the payment was realized, the payment cannot be attributed to him as his act. His death did not affect Divine's interest in the collateral and his right to collect it, but it ended the special agency and the control of Miller over the litigation and the proceeds of the sale. To be effective in arresting the statute, the payment must have been made in the name of Miller and by his agent, as if he himself were making it. After his death this was impossible. *Johnson* v. *Johnson*, 27 S. C., 309; *Hunt* v. *Rousmanier's Administrators*, 8 Wheat., 205.

The promises made by the administrator, C. D. Miller, before the bar of the statute was complete, are sufficient to defeat the plea of the statute interposed by him. *Reigne* v. *Executor of Desportes*, Dudley, 118; *Johnson* v. *Ballard*, 11 Rich., 178. But such a promise made as administrator does not bind the heir or affect his right to the protection of the statute as to real estate descended to him. *Gibson* v. *Lowndes*, 28 S. C., 301. On the other hand, a promise made by the heir alone, to which the administrator is not a party, will not bind the estate. *Bolt* v. *Dawkins*, 16 S. C., 211. In this case, therefore, the promise of Charles D. Miller, the administrator, could not bind the heirs other than himself so as to affect their interest in the real estate. For while his letters indicate that he regarded himself as representing the interests and wishes of the family, there is no proof of his authority to act for the others as to the real property. But in making promises to pay, and in all his efforts to secure indulgence, as the

letters clearly show, he treated with the plaintiff in the dual capacity of administrator and heir. By these promises as administrator he renewed the debt against the estate as to the personalty, and as heir against the real estate to the extent of the interest he inherited, and the statute of limitations cannot avail him. When the facts of the case of *Gibson* v. *Lowndes, supra,* are considered, it will not be found to conflict with this view. It is true, the payments in that case were alleged to have been made by Mrs. Lowndes, who was a devisee and also named in the will as executrix, but she had not qualified as executrix, and, therefore, was not the personal representative of the testator. In this case, when the promises were made the debt was not barred. C. D. Miller was an heir and also administrator, and, as we have seen, when he promised to see the debt paid, he was acting in both capacities. It will hardly be contended that a debt cannot be renewed at all by a new promise, so as to defeat the plea of the statute of limitations interposed to protect the real estate of the intestate. Surely, if it can be done at all, it can be done by one who is both heir and administrator. The real estate of the intestate, E. Miller, is, therefore, liable for the plaintiff's debt to the extent of the interest of C. D. Miller, but no further.

As the action is on behalf of the plaintiff and "all other creditors of E. Miller who may come in and seek relief by and contribute to the expenses of this action," and no other creditors have proved their demands, we express no opinion as to their rights.

The judgment of this Court is, that the judgment of the Circuit Court be modified as herein indicated.