CHARLES SCHICK, *Appellant*, v. THE WARREN MORTGAGE COMPANY, *Appellee.*

No. 17,338.

SYLLABUS BY THE COURT.

BROKER — *Agent of Borrower and Lender — Embezzlement — Equal Losers.* Where two persons are equally, or about equally, interested in the application of a sum of money in the possession of one of the two to the payment of certain mortgages, and neither has any right to the money except to have it so applied, and each party appoints or acquiesces in the appointment of the same person to receive the money and apply it to such payment and nothing is left to the discretion of such person; *Held,* (1) that the person so appointed is equally the agent of each of the parties to receive the money

Schick v. Warren.

and make the payment; (2) if such agent accepts such appointment and receives the money and embezzles it and loss results thereby, such loss falls equally upon each of the parties interested in the payment which the agent failed to make.

Appeal from Lyon district court. Opinion filed April 6, 1912. Modified.

*G. H. Buckman,* and *S. C. Bloss,* for the appellant.

*L. B. Kellogg, W. L. Huggins, H. E. Ganse,* and *Humbert Riddle,* for the appellee.

The opinion of the court was delivered by

SMITH, J.: This is the second time this case has been in this court on appeal. The former decision is reported in *Schick v. Warren,* 82 Kan. 90, 109 Pac. 536, where a statement of the facts will be found. On the trial, from the result of which that appeal was based, the judgment was in favor of Schick, and the Warren Mortgage Company was the appellant. The judgment was reversed on the theory that it was a question of fact whether Parrish received the money as the agent of Schick or as the agent of the mortgage company, and it was held that in the instructions the court directed the attention of the jury only to the evidence that Parrish received the money as the agent of the mortgage company, whereas the evidence tending to show that he was the agent of Schick should also have been called to the attention of the jury.

On the retrial of the case the district court took the other horn of the dilemma, considered only the authorization slips signed by Schick, and instructed the jury to return a verdict in favor of the mortgage company, which was done, and judgment was rendered accordingly.

There is no substantial conflict in the evidence in this case. In addition to the statement of facts embodied in the former decision we may say that it appears without dispute that the appellant, Schick, whom we will

call the borrower, applied to the Warren Mortgage Company, which we will call the lender, to procure a loan of $4000 upon certain real estate upon which there were already mortgages and incumbrances to the amount of about $2500 which it was understood should be paid off out of the money loaned. The mortgage company accepted the application and decided to become the lender itself. Abstracts of title were prepared and showed good title in the borrower except the incumbrances above stated, and also showed that the borrower would be entitled to about $1500 after the incumbrances were paid off. It was not disputed by either party that one object of the loan was to pay off these incumbrances. Indeed, one of the authorization slips was forwarded to the borrower for execution at the time the note and mortgage were forwarded for execution. After the papers were fully executed and the abstracts examined, the lender, on the request of the borrower, advanced to the borrower $1500, which would be nearly the amount due him after the incumbrances were removed. Here then is the situation: $2500 had been borrowed and loaned for a particular purpose; the borrower and the lender were alike, and about equally, interested in having the money applied to that purpose; the money did not belong to either the borrower or the lender for any other purpose; the borrower in writing designated an agent to receive the money and apply it to the purpose. This would have been ineffective unless the lender had acquiesced in the selection of the agent. The lender did acquiesce in that selection and did send the money to the person designated with specific instructions how to apply it. As to the disposition of the money, there was no conflict in the intentions or between the interests of the borrower and the lender, and there was no discretion vested in the agent who was appointed to perform the service. The borrower and the lender each intrusted the agent with the performance of the service. The agent was equally the

agent of the borrower and the lender, and the borrower and the lender should equally share in the loss which resulted from the agent's default.

As to the authority of an agent to act for each of two contracting parties, where there is no conflict in their interests and the agent is vested with no discretion, see *E. S. Ins. Co. v. A. C. Ins. Co.*, 138 N. Y. 446, 34 N. E. 200, in which it was said:

"It is not doubted that the same person may sometimes act as agent for the two parties in the same transaction. But he can do so only in case he has no discretion to exercise for either party. An agent to sell for one party may also act as agent for the buyer, but only in case the price and terms of sale have been fixed by each party, so that nothing is left to his discretion. But an agent to sell intrusted with a discretion, and thus bound to obtain the best price he can, can not buy for himself or as agent for another. In such a case he would occupy antagonistic positions, and there would be a conflict of interests. He could not faithfully serve the one party without betraying the interests of the other. He would at least be under great temptation to betray the interests of one of the parties. So a person may sometimes act as agent of both parties in the making of any contract. But he can not do so when he is invested with a discretion by each party, and when each party is entitled to the benefit of his skill and judgment." (p. 449.)

The foregoing decision is well sustained by numerous authorities therein cited. In the case at bar none of the reasons which debar an agent from acting as the agent of each of the two parties to the transaction exists. Generally the question for whom an agent is acting in a particular transaction is a question of fact depending upon all other facts surrounding the transaction. But where the facts in detail of the transaction are undisputed or agreed upon, as in this case, the question becomes one of law. (*The Loudon Savings Fund Society v. The Hagerstown Savings Bank,* 36 Pa. St. 498, 78 Am. Dec. 498; *McLean v. Ficke,* 94 Iowa, 283,

62 N. W. 753; *Seehorn v. Hall,* 130 Mo. 257, 32 S. W. 643, 51 Am. St. Rep. 562; *Commercial Insurance Co. v. Ives et al.,* 56 Ill. 402.) We are cited to several cases relating to the misappropriation of borrowed money by an agent in which it is decided upon whom, the borrower or the lender, the loss should fall. These decisions are in harmony in one respect at least—the loss is held to fall upon the party for whom the court holds the embezzler was acting as agent. Some courts hold the defaulter the agent of the borrower upon substantially the same facts as other courts hold him the agent of the lender, though usually some circumstance is seized upon to turn the scale. Frequently the solution is found in the prior relations of the agent to the lender or borrower, as that he had previously been employed to solicit loans for the lender and in the transaction the lender paid the agent for his services, or that the agent was an independent solicitor for anyone who would accept applications for loans and was empowered and paid by the borrower.

In this case no such previous relations existed between either party and the agent. The borrower told Parrish that he wanted a real-estate loan, and Parrish, having some blanks of the company, filled out an application for Schick to the company which was signed by Schick and was forwarded to the company and which by its terms made the company Schick's agent to procure the loan; and Schick paid the company $280 commission therefor, although the company took the loan itself. The company paid Parrish for his services. Schick made Parrish his agent to receive and pay out the money, so far as it was possible for him to do so, in what is called the contract or authorization slip; the company had full control of the money and had the right to have it applied to the discharge of the prior mortgages, and in the letter transmitting the money made Parrish its agent to so apply it.

It may be said that Schick had borrowed the money,

intrusted to Parrish, of the company and had given his note and mortgage to secure the repayment thereof; and that therefore it was Schick's money and, being embezzled, it was his loss. On the other hand it may be said that, to the extent necessary to pay off the prior mortgages, the company loaned the money for that purpose only, and if for any reason the mortgages could not be paid, the company, and not Schick, would have been entitled to a repayment thereof from Parrish.

The possession of the money wherewith to pay the prior mortgages was the company's security for the discharge thereof, to the end that its mortgage should be a first lien on Schick's land. Under the contract in the application for the loan, the company had the right to apply as much of the money as was necessary to the purpose for which it was loaned. Had it done so Schick's rights would in no way have been infringed upon. Whatever the company had the right to do it could, perhaps must, do, if at all, by an agent. On the other hand, Schick did not have the possession of the fund and could not have compelled the payment thereof to him. Neither could he have compelled the delivery thereof either to himself or to Parrish as his agent for the purpose of enabling either of them to make payment of the prior mortgages. In accordance with the following authorities it was the duty of the company to apply the money to the discharge of the prior mortgages: *McLean v. Ficke,* 94 Iowa, 283, 62 N. W. 753; *Commercial Insurance Co. v. Ives et al.,* 56 Ill. 402. If this be the law and the company undertook through Parrish to so apply the money, it is responsible for his embezzlement thereof. Schick, however, had an equal interest in having the money applied to the discharge of the prior mortgage and he had in writing designated Parrish as his agent therefor. If he had had the possession of the money, he could also have so applied it and the company would have had no cause of complaint.

In 31 Cyc. 1226 it is said:

"Often the agent of one party to a transaction is appointed by the adverse party his agent for certain purposes, and each party will then stand in the relation of principal to the agent as to the matters by him intrusted to the agent, and as to those alone. But such appointment of the agent of the adverse party must, from the acts of the parties or the circumstances of the case, be clear; it is not to be inferred from words or conduct not inconsistent with an intention to deal with the agent as representing the adverse party only."

It is familiar doctrine that each party to a transaction may make the same person his agent for different purposes therein, especially where no discretion is vested in the agent, and that each principal is responsible for the acts done by the agent which are within the scope of his agency for the individual principal. In this case Schick and the company so far as possible, and it seems completely, each made Parrish his and its agent for an identical purpose. Parrish embezzled the money, violated his trust equally reposed by each principal, and each should equally bear the loss.

The judgment is modified and the case is remanded with instructions to reduce the judgment in favor of appellant to one-half the sum involved in the first cause of action, viz.: $722.10, with interest as claimed.

JOHNSTON, C. J., and BURCH, J., dissent.