CARLSON, Respondent, vs. DIXON, Appellant.

*October 29—November 18, 1913.*

*Pledge or sale of corporate bonds? Evidence: Findings of fact: Appeal: Limitation of actions: Payments tolling statute.*

1. In an action to foreclose an alleged pledge of corporate bonds, with which were delivered to the pledgee stock of the corporation to an equal amount, plaintiff testified that the transaction was a loan with collateral security, and defendant testified that it was an absolute sale of the bonds, with the stock given as a bonus. There were no other witnesses on the point. *Held* that, although there were persuasive circumstances corroborating defendant's version, the finding of the trial court in plaintiff's favor was not so clearly against the preponderance of the evidence as to justify a reversal.

2. Where the interest coupons upon bonds pledged as security for a loan were regularly sent to the borrower at his request, and he collected the same and sent his personal checks to the lender for the amounts so collected, the borrower thereby made payments upon his debt which interrupted the running of the statute of limitations.

APPEAL from a judgment of the circuit court for Milwaukee county: E. B. BELDEN, Judge. *Affirmed.*

For the appellant there was a brief by *Quarles, Spence & Quarles,* attorneys, and *I. A. Fish,* of counsel, and oral argument by *Mr. Fish.*

*A. C. Umbreit,* for the respondent.

BARNES, J. The plaintiff claims that in July, 1903, he loaned the defendant $1,000, taking as collateral security bonds of the Milwaukee Granite Company of the par value of $1,000. Stock in the same company to a like amount was delivered with the bonds, and it does not very clearly appear from plaintiff's evidence whether the stock was intended as security or as a gift or a bonus. This action is brought to foreclose the pledge and for a deficiency judgment.

The defendant claims that he was a broker engaged in sell-

ing bonds, among others those of the Granite Company, and that he sold the bonds outright to the plaintiff, giving an equal amount of stock as a bonus with the bonds. Plaintiff and defendant were the only witnesses who testified to the transaction, and the court found the facts in plaintiff's favor. The defendant seeks to reverse the judgment on two grounds: (1) The finding of the court that the transaction was a loan and not a sale is against the clear preponderance of the evidence; and (2) the plaintiff's right of action was barred by the statute of limitations.

1. On the first assignment of error it is urged that the circumstances shown clearly indicated that the defendant gave the correct version of the transaction. These circumstances in the main were: (a) No note or other evidence of indebtedness was given to the plaintiff. (b) No time of payment was fixed. (c) No rate of interest was agreed on. (d) No demand for payment of any part of the principal or interest was made so long as the interest on the bonds was paid, nor for some time after the Granite Company ceased paying interest. (e) No satisfactory explanation was made as to why the corporate stock was given to the plaintiff if the transaction was in fact a loan; and (f) to hold that defendant hypothecated the bonds instead of selling them would mean that defendant must have embezzled them.

These circumstances are quite persuasive, although the effect of the first and most convincing of them is mitigated by the fact that the parties had been friends for fifteen years, and plaintiff was defendant's physician and had loaned him money on former occasions, although when prior loans were made plaintiff had always taken a note. If we were passing original judgment on the evidence as it appeared in print, we might well reach the conclusion that the plaintiff was not entitled to recover, although there are some circumstances which tend to corroborate his evidence. But where fairly consistent and probable narratives are given by witnesses

whose interests in the result do not differ, the printed testimony of one carries about as much weight to the mind as does that of another. This is not necessarily so, however, where the trier of fact has the opportunity to observe the witnesses as they testify. There may be such a contrast between the candor, the demeanor, and the manner of giving testimony by two witnesses who testify to diametrically opposite things that the judge who hears the evidence may be entirely satisfied that one is telling the truth and the other is not. This is the paramount reason why appellate courts are disinclined to reverse findings of fact. The appearance and demeanor of the witnesses here may have been and probably was such that the court was convinced that the plaintiff was telling the truth. There were but two witnesses on the point, and the circuit judge after seeing and hearing them accepted the plaintiff's evidence as true, and we do not think it should be said that such a conclusion is against the clear preponderance of the evidence.

2. The interest on the bonds was payable semi-annually, and as interest coupons became due they were sent by the plaintiff to the defendant, who collected the same up to and including January 1, 1907, and sent his personal check to the plaintiff for the amount of the interest so collected. Thereafter the Granite Company defaulted in the payment of the interest on the bonds. No other amount was paid by the defendant on the loan. If these payments interrupted the running of the statute of limitations, it is conceded that the action is not barred. If they did not, then it is conceded that the action is barred.

It is argued that the theory upon which it is held that payment tolls the statute of limitations is that it is an acknowledgment of the debt and that there was no such acknowledgment here because the defendant simply acted as a medium through which the Granite Company paid its debt. Accepting the appellant's statement of the law as being correct,

we cannot assent to the conclusion reached.    It is true the Granite Company was paying its own obligation when it paid the interest coupons.    It is none the less true that the defendant was paying his debt to the plaintiff when he forwarded his check for the amount so collected.    Defendant owed plaintiff no other indebtedness and the coupons were sent to the defendant at his own request.

By the Court.—Judgment affirmed.