## METROPOLITAN NATIONAL BANK v. L. H. BOLDUC.[1]

July 3, 1924.

No. 23,969.

**Statute of limitations not suspended by collections from collateral pledged with note.**

1. Moneys received by the payee of a note from collateral pledged by the maker and indorsed on the principal note do not constitute partial payments so as to suspend the running of the statute of limitations.

**Nor suspended by payments by trustees of guarantor to payee.**

2. This rule is applied where the guarantor of a pledged note made a trust deed for the benefit of his creditors, to which the payee of the principal note with the consent of the maker became a party, and the trustees paid certain of the proceeds of the guarantor's estate to the payee in the principal note, on which it was indorsed; and it is *held* that such payment did not suspend the running of the statute of limitations.

Action in the district court for Hennepin county to recover $23,500. The case was tried before Baldwin, J., who when plaintiff rested granted defendant's motion for a directed verdict. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Affirmed.

*Allen & Fletcher*, for appellant.

*W. H. McDonald*, for respondent.

DIBELL, J.

Action upon two promissory notes. The defense was the statute of limitations. A verdict was directed for the defendant. The plaintiff appeals from the order denying its alternative motion for judgment or a new trial.

The facts are not in dispute. On May 26, 1914, the defendant executed and delivered to the plaintiff a note for $17,000, and on

[1]Reported in 199 N. W. 567.

June 17, 1914, another for $13,000. He deposited as collateral to the first note a note of the Minneapolis & Northern Railway Company payable to him for $17,000. The note was guaranteed by one Heaton. He deposited as collateral to the second note a like note of the railway company for $13,000 guaranteed by Heaton. On June 24 Heaton made a deed of trust in the form of a common law assignment for the benefit of creditors to three trustees. It covered all of his property. The proceeds were to be used in paying in full or ratably the creditors who became parties to it. On June 26 the defendant signed a letter, directed to the plaintiff bank, reciting a valuable consideration, in which he consented that the bank become a party to the deed of trust. Moneys were obtained by the trustees from Heaton's property and paid to the bank because of Heaton's guaranty of the collateral notes and indorsed on the notes in suit. Both notes became due more than six years before suit brought. The claim of the plaintiff is that the payments tolled the statute.

1. An action on a promissory note must be commenced within six years after maturity. G. S. 1913, § 7701. A part payment of the principal tolls the statute. G. S. 1913, § 7712; 2 Dunnell, Minn. Dig. §§ 5632-5647. Moneys received by the payee from collaterals and applied on the principal note do not constitute partial payments so as to suspend the operation of the statute. Wolford v. Cook, 71 Minn. 77, 73 N. W. 706, 70 Am. St. 315; Atwood v. Lammers, 97 Minn. 214, 106 N. W. 310. This is the prevailing doctrine. Notes 10 A. L. R. 838 and 25 A. L. R. 58. The reason of it is expressed by Mr. Justice Mitchell in the case first cited as follows:

"The principle upon which part payment of a debt will take a case out of the statute is that such payment amounts to an acknowledgment of the existence of the debt, from which the law implies a new promise to pay the balance. To have that effect, the payment must be voluntarily made by the debtor in person who is sought to be charged with the effect of it, or by some one authorized by him to make a new promise on his behalf."

2. Counsel for the plaintiff urge, and it is their only contention, that the defendant's letter of June 24, authorizing the plaintiff to

join in the deed of trust, tolls the statute. Their theory is that the letter made the trustees the agents of the defendant to make payment of money coming from the Heaton estate upon the two notes, that such payments were voluntary payments of the defendant, of the same effect as if made personally, and constituted a new promise on behalf of the defendant. The argument is skilfully presented, but we do not adopt the conclusion reached. The plaintiff was perhaps fearful of joining in the deed of trust without the defendant's consent. It was desirable that the defendant consent. Perhaps it was advantageous to both. The defendant, in authorizing the plaintiff to become a party, did not make the trustees of Heaton his agents to make payments and a new promise. As bearing upon the plaintiff's contention, though not claimed to be controlling, counsel cite Carlson v. Dixon, 155 Wis. 63, 143 N. W. 1064; Fletcher v. Brainerd, 75 Vt. 300, 53 Atl. 608; Divine v. Miller, 70 S. C. 225, 49 S. E. 479, 106 Am. St. 743; National State Bank v. Rowland, 1 Colo. App. 468, 29 Pac. 465. We have examined them. They do not lead us to the conclusion that the payments from the collateral suspended the running of the statute. Nothing is to be gained by a discussion of them.

Order affirmed.