R. L. COBURN, RECEIVER FOR MARTIN COUNTY SAVINGS AND TRUST COMPANY, v. J. T. BARNHILL AND J. E. PEGRAM.

(Filed 29 February, 1928.)

**Limitation of Actions — Construction of Statute — Part Payment by Creditor.**

The statute of limitations of actions will bar a recovery against the maker of a note, endorsed by another, after three years from the time he has denied making it, irrespective of the time of payments endorsed thereon from the sale of shares of stock therein pledged as collateral.

APPEAL by plaintiff from *Townsend, Special Judge,* at October Special Term, 1927, of MARTIN.

Civil action to recover balance alleged to be due on a promissory note for $1,650, dated 17 June, 1922, signed by J. T. Barnhill and endorsed in blank to J. E. Pegram.

The record contains the following statement:

"It was agreed that the defendant, Barnhill, in 1922, shortly after the note was given, denied all liability on the note and denied ownership of

---

STATE v. HOLT.

---

the stock issued by the Joint Stock Land Bank and attached to said note. It was admitted that no payments were ever made on the note except those shown by the following credits on the back thereof, namely, 'By sale of seven shares of stock 2/14/24, $770, by dividend 2 July, 1924, $16, 12/19/24, $880 by eight shares of stock,' all of which credits were made on the note by the Martin County Savings and Trust Company. It was admitted that this action was brought 8 February, 1927, within three years from the date of the last credit on the back of the note as above set out, but more than three years after the defendant Barnhill had denied his liability on said note and refused to accept the stock which had been issued and attached thereto as his property. Upon the foregoing facts being admitted, the court holds the action is barred by the statute of limitations and directs a verdict upon the first issue in favor of the defendants."

From the judgment holding the action to be barred, plaintiff appeals, assigning error.

*A. R. Dunning and B. A. Critcher for plaintiff.*
*Hugh G. Horton for defendants.*

STACY, C. J. The action of the trial court in holding that the credits, derived from dividends and sale of collateral, entered on the note in suit by the Martin County Savings and Trust Company, after the maker had denied liability and repudiated ownership of the stock attached as collateral, did not repel the bar of the statute, must be upheld on authority of what was said in *Nance v. Hulin,* 192 N. C., 665, 135 S. E., 774, where the pertinent decisions are collated and distinguished, with special reference to *Bank v. King,* 164 N. C., 303, 80 S. E., 251, cited and relied upon by appellant. It would only be a matter of repetition to state again what has been so recently said in this case.

No error.