**KRUPNICK v. PEOPLES STATE BANK OF SOUTH CAROLINA et al.**
**ELLIOTT et al. v. ZAKS.**

No. 4010.

District Court, E. D. South Carolina.

Jan. 7, 1939.

Benet, Shand & McGowan, of Columbia, S. C., and Legge & Gibbs, of Charleston, S. C., for plaintiffs.

Lide & Felder, of Orangeburg, S. C., for defendant Zaks.

MYERS, District Judge.

This is an action brought by the named receivers of Peoples State Bank of South Carolina against the defendant S. Zaks, seeking to recover balances due upon two promissory notes originally negotiated with Peoples First National Bank of Charleston, assigned to Peoples State Bank of South Carolina, successor to Peoples First National Bank of Charleston. Peoples State Bank of South Carolina closed its doors on the 31st day of December, 1931, and the plaintiffs are the present parties in interest as receivers in liquidation of Peoples State Bank under authority of proceedings instituted in this court. The matter came on for a hearing at the November term of court in the Orangeburg Division, and a jury was empaneled. Upon the case as made by the evidence for both plaintiffs and defendant, defendant's counsel moved for a directed verdict. The court reserved its decision, and withdrew the case from the jury under the provisions of Rule 50(b), Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and the defendant thereafter, within the allotted time, moved for judgment in accordance with the motion for directed verdict.

I find that on the 1st day of January, 1930, the defendant S. Zaks executed and delivered to the Peoples First National Bank his note in the sum of $5,211.91, payable April 1, 1930, pledging as collateral therefor warehouse receipts for sixty-one bales of cotton; the note providing that "in case of a deficiency, the undersigned promise to pay said bank the amount thereof forthwith after such sale with interest upon the amount unpaid at the rate above specified." The rate of interest was 7% before maturity, with interest after maturity at the rate of 8%, with a provision for payment of 10% attorneys' fees, in the event said note should be placed in the hands of an attorney for collection by suit or otherwise.

On the 28th day of April, 1930, the said note is credited with a payment of $951.70, from a sale of ten bales of the cotton collateral, and on August 1, 1931, a payment of $304.90 was credited. The note came into the hands of plaintiffs receivers for the balance due as shown by endorsements thereon of $4,565.11, as of August 1, 1931. On the 4th day of May, 1933, the receivers, through their authorized agent, caused to be placed in the registered United States mail a letter addressed to the defendant, advising him that unless unpaid storage and handling charges, insurance, etc., on the remaining collateral were taken care of by 12 M. on May 11, 1933, the remaining collateral would be offered for sale. The letter was addressed to the defendant at St. George, S. C., and was forwarded by the post office at St. George to the defendant's place of residence at Eutawville, S. C., where its acceptance was refused. On June 19, 1933, the remaining collateral was disposed of, and proceeds credited to the note, leaving a balance as of that date of $2,999.22, with interest at 8% per annum.

The other note in suit was in the sum of $10,912.42, under date of January 1, 1930, payable April 1, 1930, with interest before maturity at the rate of 7%, and after maturity at the rate of 8% per annum, with the usual provision for payment of attorneys' fees, and with eighty-nine bales of cotton assigned as collateral; and, as in the case of the other note, a promise to

pay any deficiency which might exist upon the sale of collateral forthwith with interest. This note was signed by S. Zaks and L. Lourie; and under the two signatures, in typewriting, with every indication of having been filled in at the time of the execution of the note, "Zaks & Lourie". There was a sale of a portion of the collateral on the 28th day of April, 1930, and further payments were credited on August 1, 1931, November 24, 1931, December 17, 1931, and February 23, 1932,—leaving a balance on the latter date of $9,618.72. On the 4th day of May, 1933, plaintiffs receivers through their duly authorized agent addressed a registered letter to Zaks & Lourie at St. George, S. C., return receipt therefor having been signed "Messrs. Zaks & Lourie, J. E. Westbury, Agent",—said letter giving notice that unless unpaid storage, handling and insurance charges on the remaining collateral were satisfactorily taken care of by 12 M. on May 11, 1933, the collateral would be disposed of. On the 19th day of June, 1933, the said note was credited with $1,840.88 from the proceeds of sale of the remaining collateral, and on the 5th day of January, 1935, plaintiffs receivers accepted from L. Lourie payment of $501.11, endorsing on the note the full release from liability of the said L. Lourie. Balance due January 5, 1933, of $7,206.73 is sought to be recovered with interest from that date.

The action was instituted on the 14th day of September, 1937, and the defendant pleads the statute of limitations as a bar, alleging that none of the payments credited on the said notes were made by him, nor, to his knowledge, on his behalf. He further testified that there was no partnership of Zaks & Lourie, and that he and Lourie bought the cotton pledged as collateral for the Zaks and Lourie note, and that he was "fooled" into going to Charleston to sign the note, and did not know what he was signing. On cross-examination, he testified that he bought the cotton for Lourie, had no interest in the transaction and no interest in tlie possible profits. The circumstances of the transaction strongly indicate that whether or not a general partnership existed between Zaks and Lourie, in this instance there was a partnership relation, and a jury would be justified upon the showing to disregard the statements of the defendant and to base a verdict for plaintiffs on the partnership note on the binding effect upon the partners of the payment of January 5, 1935, tolling the statute.

As to both notes, however, I am of the opinion that the application of the final proceeds of sale of the collateral on June 19, 1933, amounted to a voluntary payment by the debtor sufficient to interrupt the statute of limitations under the terms of the note, whereby defendants promised to pay any deficiency forthwith, constituting, in effect, a new promise.

This whole question is discussed with clarity and sound reason in the case of First National Bank v. King, 164 N.C. 303, 80 S.E. 251, 49 L.R.A.,N.S., 392, and in the Nebraska case of Bosler v. McShane, 78 Neb. 86, 110 N.W. 726, 12 L.R.A.,N.S., 1032, citing other Nebraska cases and the established principle that the maker of a collateral note authorizing the creditor to realize upon collateral and endorse the amounts of the proceeds on the original note, constituted the holder of the note his agent, whose action as such in disposing of the collateral and crediting the proceeds on the note is in effect the action of the maker and amounts to a voluntary payment by him. I am unable to find any conflicting decisions in the South Carolina reports. Section 369, Code of Laws of South Carolina 1932, provides that no payment made on a partnership note after notice of dissolution of the partnership shall revive the debt as to anyone other than the partner making such payments or renewal. There was no notice in this case of dissolution of the partnership.

In 37 C.J. 1155, it is stated that there is a conflict of authority on this point, but that in some jurisdictions, application of the proceeds of sale of collateral is regarded as sufficient to interrupt the statute, provided the collaterals are realized on in a reasonable time; but that, according to the great weight of authority, it is ineffectual in the absence of notice to or assent by the defendant, where resort to the collaterals is made after the debt is barred. In the instant case, there was no unreasonable delay. The receivers did all they were required to do by forwarding notice of intention to dispose of the collateral in the registered mail, and the action of defendant in refusing to accept this was done at his peril.

Let an appropriate order for judgment for the plaintiffs be presented in accordance with these findings.