No. 35,372

FRANK M. SCHILTZ, *Appellee*, v. CHARLES WOKAL, also known as CHARLES L. WOKAL, a Single Man, et al., *Appellants*.

(121 P. 2d 240)

Opinion filed January 24, 1942.

*Frank G. Spurney*, of Belleville, for the appellants.

*W. D. Vance, Fred Emery, Perry Owsley*, all of Belleville, and *Frank H. Meek*, of Clay Center, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This was an action to determine the balance due on a promissory note and to foreclose a mortgage given to secure it. The defense was the five-year statute of limitations. (G. S. 1935, 60-306, *First*.) A trial by the court resulted in a judgment and decree for plaintiff. Defendants have appealed.

On April 1, 1932, Charles Wokal executed a note to the Farmers State Bank at Clay Center for $3,600, due January 14, 1934, and secured the same by a mortgage on four pieces of real property known in the record as tracts A, B, C and D, being a first mortgage on tract A and a second mortgage on the other tracts. In June, 1932, the bank sold the note and mortgage to plaintiff, who has continued to own them. The instruments appear to have been left with Mr. C. A. Hammel, an officer of the bank. Later Charles Wokal sold tract D to Henry Chopp and took from him a note for $1,600, dated March 1, 1934, secured by a mortgage on the tract sold. The deed to Chopp was recorded January 15, 1935, and Chopp's mortgage to Charles Wokal was recorded January 17, 1935. About January 22, 1935, Wokal endorsed the $1,600 note without recourse and assigned to plaintiff the mortgage given by Chopp to secure it, and mailed the same to C. A. Hammel of Clay Center. Hammel made a penciled notation on the back of the $3,600 note which had been executed by Wokal as follows: "$3600—1600 Chopp Mar. 1-34." On being informed of this, plaintiff declined to accept Chopp's $1,600 note as a payment on Wokal's $3,600 note. Hammel advised Wokal of that fact and Wokal told Hammel then just to keep the Chopp note and mortgage and as Chopp made payments of interest thereon to credit them on his $3,600 note. Chopp paid interest to Wokal on his note of $1,600 on October 22, 1934, of $103.59, and on August 8, 1935, $44. This last payment appears to have been forwarded to Hammel, who received it on August 29, 1935, and who applied the same upon the note held by plaintiff, and on October 30, 1935, Wokal paid Hammel for plaintiff $126.40. This, together with the $44 paid the day before, made the $170.40, the interest for one year on the $3,600 note, and paid the interest to July 14, 1934. Thereafter Chopp made payments directly to Hammel, which he applied on the $3,600 note, as follows: On February 21, 1936, $44; August 17, 1936, $44; January 19, 1937, $44; and on July 27, 1937, $1,636.42, which was then the full amount of his note and interest due at that time. These pay-

ments were credited by Hammel on Wokal's $3,600 note. When this last payment was made plaintiff accepted the assignment to him of the Chopp mortgage and released it of record. Charles Wokal died July 30, 1940. This action was filed November 27, 1940. An administrator was appointed for the Charles Wokal estate on February 28, 1941. Thereafter the petition was amended and the administrator and the holder of a second mortgage were made parties defendant.

Appellants argue that when Charles Wokal endorsed the Chopp note of $1,600 without recourse and assigned to plaintiff the mortgage given to secure it, and the notation above mentioned was made by Hammel on the $3,600 note, this constituted a payment upon that note of $1,600 as of the date of the endorsement, and contend the Wokal endorsement of the Chopp note "without recourse" evidenced a contract in writing which could not be varied or set aside by parol evidence, citing *Bank v. Bank,* 116 Kan. 303, 226 Pac. 998. The case is not in point. Here plaintiff refused to accept the Chopp note as a payment on the Wokal note of $3,600, and upon being advised of that fact Charles Wokal instructed Hammel to keep possession of the note and mortgage and as payments were made by Chopp to credit them on his $3,600 note. The result was Wokal made Hammel his agent to collect from Chopp and apply the sums collected upon his $3,600 note.

In September, 1935, Wokal desired to refinance the first mortgage on tracts B and C, and to enable him to do that the mortgage held by plaintiff was released as to those tracts. Wokal executed new mortgages to the Federal Land Bank and the Federal Farm Mortgage Corporation in refinancing what was the first lien upon those tracts, and under date of September 23, 1935, executed to the plaintiff herein his mortgage covering those tracts and subject to the new mortgages as given, in which it is recited:

"To secure the payment of Thirty-six Hundred and no/100 Dollars, according to the terms of one note with interest coupons attached, said note being dated April 1, 1932."

This indicates quite clearly that at that time Wokal did not understand or claim that the amount of the Chopp note and mortgage of $1,600 had been credited on his note of April 1, 1932, of $3,600.

Appellants call attention to the fact that the last payment made by Wokal personally on his $3,600 note was on October 30, 1935, and that this suit was not instituted until more than five years thereafter,

November 27, 1940. They argue that the payments made by Chopp of the interest and principal upon his $1,600 note to Hammel, and which were credited upon Wokal's $3,600 note, held by plaintiff as they were paid, did not have the effect of tolling the statute of limitations. In support of this contention they rely upon the rule stated in 34 Am. Jur. 269, the pertinent portion of which reads:

"According to the weight of authority, the application . . . of the proceeds of pledged securities in partial extinguishment of the debt for which the securities were pledged does not constitute a part payment which will toll or interrupt the running of the statute of limitations."

A similar quotation is made from 25 A. L. R. 58, where a number of cases are cited and analyzed. See, also, 37 C. J. 1155. Appellants cite *Plow Co. v. Ward,* 6 Kan. App. 289, 51 Pac. 805, as sustaining their view. That was a sequel to a case of the same name in 1 Kan. App. 6, 41 Pac. 64. A consideration of those two opinions discloses what was said there has no bearing here. Under the authorities this rule appears to apply where there is simply a holding of collateral security. It does not apply when the pledgee of the collateral is constituted the agent of the pledgor with instructions to collect the collateral and pay it upon the principal obligation. That distinction is pointed out in *Good v. Ehrlich,* 67 Kan. 94, 72 Pac. 545. In 37 C. J. 1156 the rule is thus stated:

"If the debtor constitutes a third person his agent to hold and, in case of default, to realize on collaterals and apply the proceeds to his debt, payment of such proceeds by such agent will interrupt the statute."

See, also, 34 Am. Jur. 266, 267.

There is no reason, of course, why Wokal could not make Hammel his agent to collect from Chopp and apply the collections on his indebtedness to plaintiff, although he was at that time the agent of plaintiff for the purpose of collecting from Wokal. (*Schick v. Warren,* 86 Kan. 812, 818, 122 Pac. 872.)

In addition to the cases cited in support of the text the following later authorities also support it: *Krupnick v. Peoples State Bank of South Carolina,* 25 F. Supp. 857. (Reversed, 106 F. 2d 425, on the ground the facts shown by the record did not justify the application of the rule.) *James v. Wingate,* 179 Okla. 224, 65 P. 2d 452; *Preston v. Ed Hockady Hdwe. Co.,* 137 Okla. 283, 279 Pac. 332; *Dick et al., Aplnts., v. Daylight Garage, Inc.,* 335 Pa. St. 224, 6 Atl. 2d 823; *Vermont-Peoples National Bank v. Parker,* 269 Mass. 387, 169 N. E. 154; *Credit Service Corp. v. Barker,* 308 Mass. 476, 33 N. E. 2d 293; *Nance v. Hulin,* 192 N. C. 665, 135 S. E. 774.

To same effect, see *Coburn v. Barnhill,* 195 N. C. 239, 141 S. E. 569; *Fletcher v. Brainerd,* 75 Vt. 300, 55 Atl. 608; *Carlson v. Dixon,* 155 Wis. 63, 143 N. W. 1064; *Boulder Nat. Bk. v. Rowland,* 1 Colo. App. 468, 29 Pac. 465.

Another point is argued which appellee stresses as an additional reason for sustaining the judgment of the trial court; also, there are other details respecting the priorities of liens which might be mentioned, but in view of the conclusion reached it is not necessary to discuss these matters.

The judgment of the trial court is affirmed.