## EWING v. EWING.

No. 12009—Opinion Filed Sept. 12, 1922.

(Syllabus.)

**Divorce—Judgment—Insufficiency of Pleadings.**

Record examined, and held, that the cause shall be reversed and remanded for a new trial upon confession of error filed by the defendant in error.

Error from Superior Court, Muskogee County; Guy F. Nelson, Judge.

Action for divorce by T. A. Ewing against Laura Ewing. Judgment for defendant, from which she brings error. Reversed and remanded, with directions.

C. A. Ambrister and Bower Broaddus, for plaintiff in error.

R. Emmett Stewart, C. E. Corbett, and Carter W. Wesley, for defendant in error.

KANE, J. This was an action for divorce commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below, upon the ground of abandonment.

Thereafter, in answer to plaintiff's petition, defendant filed an unverified pleading which she designates an answer and crosspetition, wherein, after admitting the marriage and denying the material allegations contained in the petition, she further alleges in substance:

First: That the plaintiff, T. A. Ewing, has neglected to support the defendant and has threatened her at various time.

Second: That the plaintiff is the owner of forty (40) acres of land, more or less, lo-

cated on the Arkansas river, and that at the time of the said marriage of the defendant and plaintiff, plaintiff promised the said defendant that he would take said defendant out on said farm to live and would support her; that, instead of so doing, the plaintiff refused to let said defendant live on said farm, and that said defendant was compelled to live in the city of Muskogee, where she had lived prior to her marriage with the said plaintiff, and to take in washing and sewing in order to support herself; that defendant often requested plaintiff to aid in her support, but that the plaintiff failed, refused, and neglected to do so, or to contribute in any part in taking care of the expenses for the maintenance of the defendant. Defendant further alleges that she has no property out of which to support herself, and that she has three children, who are wholly dependent upon her, and that defendant has no funds out of which to pay an attorney's fee or out of which to support. herself and children. Wherefore, premises considered, defendant prays judgment of this court ordering said plaintiff to pay a reasonable attorney's fee, and that the defendant be decreed the owner of one-half of the property located on the Arkansas river.

After this pleading was filed, plaintiff dismissed his petition for divorce, and thereafter the case proceeded to trial upon the unverified answer and cross-petition of the defendant.

Upon hearing the evidence the trial court granted the defendant wife a divorce by reason of the fault of her husband and an order made allowing her fifty dollars attorney's fee as prayed for, no provision whatever being made in the decree for the allowance of alimony out of the husband's real or personal property, which appears to be of considerable value. No complaint is made of the part of the judgment and decree granting a divorce, but the defendant appealed from the action of the court in failing to allow her alimony, which allowance she says she was entited to as a matter of right under that part of section 4969, Revised Laws 1910, which provides:

"When a divorce shall be granted by reason of the fault or aggression of the husband, the wife shall be restored to her maiden name if she so desires, and also to all the property, lands, tenements, hereditaments owned by her before marriage or acquired by her in her own right after such marriage, and not previously disposed of, and shall be allowed such alimony out of the husband's real and personal property as the court shall think reasonable, having due regard to the value of his real and personal estate at the time of said divorce; which

alimony may be allowed to her in real or personal property, or both, or by decreeing to her such sum of money, payable either in gross or in installments, as the court may deem just and equitable."

The question presented by this assignment of error is quite fully argued by counsel for plaintiff in error in their brief, but, in view of what we deem to be a confession of error made by counsel for defendant in error in their answer brief, we do not deem it necessary to pass upon the legal question thus raised.

Counsel for defendant in error, after calling attention to the state of the pleadings and pointing out that after the dismissal of the plaintiff's petition the only remaining pleading was the unverified answer and cross-petition of the defendant, say that this pleading was insufficient to confer power upon the court to allow alimony for the reason that the answer and cross-petition did not pray for alimony and did not contain allegations upon which to base such a prayer. On this account, as well as the meagreness of the evidence upon which the decree and findings of the trial court are based and "upon the state of the whole record, they say this court is powerless to do otherwise than reverse the trial court and grant a new trial." We are disposed to take this view of the case, not only upon the grounds stated by counsel, but for other substantial reasons.

In the first place, the answer and cross-petition of the defendant, upon which alone the case was tried and a divorce granted, contains new matter which was not verified by the affidavit of the defendant. Section 4965, Revised Laws 1910, provides:

"The defendant, in his or her answer, may allege a cause for a divorce against the plaintiff, and may have the same relief thereupon as he or she would be entitled to for a like cause if he or she were plaintiff. When new matter is set up in the answer, it shall be verified as to such new matter by the affidavit of the defendant."

The answer containing new matter not being verified, it is very doubtful whether such a pleading standing alone was sufficient to confer power upon the trial court to grant the defendant a divorce. Doggett v. Doggett, 85 Okla. 90, 203 Pac. 223.

In the second place, the answer and cross-petition of the defendant did not pray for a divorce, and did not contain allegations upon which to base such prayer.

Clearly the trial court erred in granting relief in excess of that demanded in the answer.

For the reasons stated, we suggest that, if the cause proceeds further, the pleadings shall be reformed in the following important particulars:

First. If there is a petition, it must be verified in accordance with the provisions of section 4964, Revised Laws 1910.

Second. If the cause is tried upon the answer of the defendant, it must allege a cause for divorce against the plaintiff and be verified by the affidavit of the defendant as required by section 4965, supra.

Third. Whatever relief is granted by the trial court must follow the allegations and prayer of the pleading.

For the reasons stated, the judgment of the trial court is reversed, and the cause remanded, with directions to grant a new trial.

HARRISON, C. J., and JOHNSON, KENNAMER, and NICHOLSON, JJ., concur.