**BEAMER et al. v. KEY et al.**

No. 16344—Opinion Filed March 23, 1926.

Withdrawn, Corrected, Refiled, and Rehearing Denied May 25, 1926.

(Syllabus.)

1. **Appeal and Error—Limitation of Actions —Burden of Proof—Conclusiveness of Finding on Conflicting Evidence.**

Where the statute of limitations is pleaded as an affirmative defense the burden of proving it is on the one who asserts it, and where the evidence is conflicting as to whether the statute of limitations has run, the finding of the court thereon will not be disturbed on appeal if there is any evidence reasonably tending to support such finding.

2. **Appeal and Error—Questions of Fact— Conclusiveness of Findings in Trial to Court.**

Where a case is tried to the court without the aid of a jury, the court's findings of fact will be given the same weight as the verdict of a jury and will not be set aside if there is any evidence tending reasonably to support it.

Appeal from Superior Court, Okmulgee County; J. H. Swan, Judge.

Action by Luella Key and others against David A. Beamer and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

Mark L. Bozarth and Wellington L. Merwine, for plaintiffs in error.

Hummer & Foster, for defendants in error.

PHELPS, J. This case comes here on appeal from the superior court of Okmulgee county, in which court the defendants in error, who were plaintiffs below, filed their petition praying that their title to certain interest claimed by them in the real estate mentioned in the petition be quieted. Plaintiffs in error, who were defendants below, pleaded, among other things, that they had been in open, notorious, hostile, adverse, exclusive, and continuous possession of said real estate under claim of title for more than 15 years, and claim that plaintiffs' cause of action, if any they had, was barred by the statute of limitation as provided in the 4th subdivision of section 183,

Comp. Stats. 1921. The cause was tried to the court without the intervention of a jury, and at the conclusion of the trial the court found the issues in favor of the plaintiffs and rendered judgment in their favor, to reverse which defendants prosecute this appeal, and in their briefs the only question presented is that the court erred in not finding that defendants had been in adverse possession of the real estate under claim of title for more than 15 years and that plaintiffs' action was barred.

In the court's findings the following language was used:

"The court holds there was not that open, notorious, exclusive, adverse, hostile, continued, and uninterrupted possession which is required by both the common law and the statutory law in cases of adverse possession."

An examination of the record discloses that on that particular question the evidence was conflicting.

The statute of limitations was pleaded as an affirmative defense, which placed the burden of proving it upon the one who asserted it, unless the pleadings show upon their face that the action is barred. Betz v. Wilson, 17 Okla. 383, 87 Pac. 844; Keagy v. Wellington Nat. Bank, 12 Okla. 33, 69 Pac. 811; Richardson v. Mackay, 4 Okla. 328, 46 Pac. 546; Van Buskirk v. Kuhns (Cal.) 129 587, Ann. Cas. 1914 B, 932, and note 17 R. C. L. 1003.

The rule is stated in 2 C. J. 262, as follows:

"The burden of proving adverse possession is in all cases upon him who sets it up and relies on it. 'All presumptions are in favor of the legal holder, and the burden of overcoming them rests with him who assails the legal title.' The claimant must show every element necessary to constitute a title under the statute of limitations, and if he fails to do so, it is the duty of the court to instruct the jury that there is not sufficient evidence to entitle him to recover. Thus he must show that the possession was actual, open and notorious, continuous, for the full time required by the statute, exclusive, hostile, and under a claim of right."

Under the well-settled rule above laid down, it was evidently the opinion of the trial court that plaintiffs in error had not sustained the burden thus imposed upon them, and in disposing of this appeal we feel it our duty to follow the rule laid down by this court so often and with such clarity that no one can possibly misunderstand its application, to wit:

"Where a case is tried to the court without the aid of a jury, the court's findings of

fact will be given the same weight as the verdict of a jury, and will not be set aside if there is any evidence tending reasonably to support it." Hamilton v. Underwood, 81 Okla. 256, 198 Pac. 300; Westbrook v. Rhodes, 92 Okla. 149, 218 Pac. 873.

An examination of the record reveals abundant evidence tending reasonably to support the judgment of the court, and under the well-settled rule above quoted we see no just cause for interfering therewith.

The judgment of the trial court is therefore affirmed.

NICHOLSON, C. J., BRANSON, V. C. J., and MASON, LESTER, HUNT, and RILEY, JJ., concur.

Note.—See under (1) 37 C. J. p. 1213 § 718; p. 1260 § 795; 17 R. C. L. p. 1004; 2 R. C. L. p. 202; 1 R. C. L. Supp. p. 442; 4 R. C. L. Supp. p. 91; 5 R. C. L. Supp. p. 81. (2) 4 C. J. p. 879 § 2853; 2 D. C. L. p. 194; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79.