## PRESTON et al. v. HOCKADY HDWE. CO.

No. 19009.  Opinion Filed May 21, 1929.

Rehearing Denied July 16, 1929.

Meacham & Meacham, for plaintiffs in error.

Darnell & LaRue, for defendant in error.

FOSTER, C. This action was commenced in the district court of Custer county in October, 1926, by Ed Hockady Hardware Company to recover upon a promissory note in the sum of $275, signed by J. T. Preston and M. W. Saling. The parties will be referred to as they appeared in the trial court.

A copy of the note is attached to plaintiff's petition showing the same was executed June 15, 1919, and due August 1, 1919, and a payment of $100 is indorsed on the back thereof, dated August 1, 1922.

For answer the defendants filed a verified general denial, and specifically denied the August, 1922, payment, and pleaded the statute of limitations. At the trial the evidence disclosed that the note was executed as alleged in the petition, and at the same time a chattel mortgage on certain personal property was given to secure the same. No payments having been made on said note, in the spring of 1922, a conversation took place between the plaintiff's agent and the defendants in which plaintiff's agent suggested that the property secured by the mortgage be sold at private sale and the proceeds applied on the note, to which the defendants agreed, and informed plaintiff where the property was located, and the plaintiff thereupon went to the home of one of the defendants, took possession of the property, sold it at private sale for the sum of $100, and applied the same upon the note, which is the credit of August 1, 1922. The defendants denied that they agreed the property might be sold at private sale, their testimony in effect being that the plaintiff took possession of the property under its chattel mortgage and sold it.

There is also evidence tending to show that in the spring of 1922, the defendants came into the store of the plaintiff at Thomas, and in a conversation with one of the agents of the plaintiff, told him they were ready to pay the interest on the note. The testimony of the plaintiff is to the effect that plaintiff's agent told them he would accept the interest, and they left the store and did not return. The defendants' testimony is to the effect that plaintiff refused to accept the offered payment of interest.

The jury returned a verdict in favor of the plaintiff for $393.82, being the amount of said note, plus interest, attorneys' fee, and cost, minus $100, the sum indorsed on the back of the note. The court granted judgment accordingly, and from this judgment the defendants appeal.

The assignments of error are argued under the following propositions:

(1) That the demurrer to plaintiff's evidence and motion for a directed verdict should have been sustained.

(2) That the court erred in placing the burden of proof upon the defendants.

(3) That the court erred in allowing an agent of the plaintiff to testify as to oral acknowledgment of outlawed note by the defendants.

To support the first proposition, the defendants contend that the action is barred by the five-year statute of limitations, and that the payment of $100, as disclosed by the evidence, did not have the effect to toll said statute. It is admitted that the action is so barred, unless the August, 1922, payment brought it within the provisions of section 191, C. O. S. 1921, which is as follows:

"In any case founded on contract, when any part of the principal or interest shall have been paid, or an acknowledgment of an existing liability, debt or claim, or any promise to pay the same shall have been made, an action may be brought in such case within the period prescribed for the same, after such payment, acknowledgment or promise; but such acknowledgment or promise must be in writing, signed by the party to be charged thereby."

In the case of American Surety Co. v. Steele, 84 Okla. 166, 203 Pac. 1043, it was held that, according to the provisions in the above section, there were three methods by which a contract, after it has become barred, as well as before, may be taken out of the operation of the statute: (1) By payment of a part of the principal or interest; (2) by an acknowledgment in writing of an existing liability, debt or claim, signed by the party to be charged; and (3) by a

promise of payment in writing signed by the party to be charged. And it is sufficient that any one of the conditions shall exist. In the case at bar, we have only to consider the first proposition; that is, whether or not a payment of any part of the principal or interest has been made.

Defendants admit that a voluntary payment of a part of the principal or interest is sufficient to toll the statute of limitations, but contend that no voluntary payment was made in this case. They rely chiefly upon the case of Berry v. Oklahoma State Bank, 50 Okla. 484, 151 Pac. 210, in which case the petition alleged that the credit indorsed on the note was the proceeds of the sale of security which had been hypothecated at the time of the making of the note, and the court held that this was not a voluntary payment; that such a payment did not constitute a new promise or a new acknowledgment of the indebtedness, but was only an enforcement of the original obligation, citing cases from several states:

The decisive question is whether or not the amount applied August 1, 1922, was a voluntary payment. In the case of Berry v. Oklahoma State Bank supra, the cases of Atwood v. Lammers (Minn.) 106 N. W. 310, is referred to. One of the paragraphs of the syllabus in that case is as follows:

"The indorsement upon a promissory note of the proceeds of the sale of collateral securities which were deposited with the note at the time it was given does not constitute a part payment which will interrupt the running of the statute of limitations."

The rule above announced is followed by this court, but in the body of the opinion of the last mentioned case, it is held as follows:

"No oral evidence was offered at the trial and there was nothing to show that Lammers ever authorized, consented to or even knew of the payment of $5, or ever ratified the same.

"In order to prevent the running of the statute of limitations, a partial payment must be made by the debtor himself, or for him by his authority, or subsequently ratified, if made in his name without his authority. Pfennenger v. Kokesch, supra; Schofield v. Twining (C. C.) 127 Fed. 486."

We think the above question is peculiarly applicable to the facts in the instant case. Here the evidence of the plaintiff shows that the defendants agreed that the mortgaged property might be sold at private sale and the proceeds applied upon the note. If the defendants so agreed, we believe it amounted to a voluntary payment. The

defendants denied such an agreement, but this question was submitted to a jury under proper instructions and a verdict returned in favor of the plaintiff. It is well settled that, where the evidence is conflicting as to whether the statute of limitations has run, the finding and verdict of the jury thereon will not be disturbed on appeal if there is any evidence tending to support such a finding. Hall v. Smith, 126 Okla. 206, 259 Pac. 537; Beemer v. Key, 114 Okla. 276, 246 Pac. 628; Higgins v. Butler, 10 Okla. 345, 62 Pac. 810.

The defendants also argue that an oral statement by a creditor, that the debtor made a partial payment, would be insufficient to avoid the operation of the statute of limitations. No authorities are cited for such a contention, and we cannot agree therewith, if from the oral evidence the court or jury believe that a partial payment was made.

We believe there was ample evidence to support the finding and verdict of the jury, that the credit on the note of August 1, 1922, was a voluntary partial payment of the principal, and under the well established rule the judgment will not be disturbed.

The second proposition concerns the burden of proof. The trial court placed the burden of proof upon the defendants. The note which was attached to plaintiff's petition had indorsed thereon a payment by merchandise, dated August 1, 1922. The defendants in their answer pleaded the statute of limitations and specifically deny the August 1st payment, or any other payment. This answer was verified.

The general rule in this jurisdiction is to the effect that where the statute of limitations is pleaded as an affirmative defense, the burden of proving it is upon the one who asserts it. Hall v. Smith, supra, and Beemer v. Key, supra.

Defendants, however, contend that in the instant case the petition of the plaintiff would have been demurrable, as the note shows upon its face that the statute of limitations has run, except for the allegation that a payment of a part of the principal had been made, and this allegation of a partial payment having been denied, it becomes the duty of the plaintiff to prove same.

In support of this proposition, the defendants rely upon several cases from Oklahoma and other states holding, in effect, that where a note upon its face shows that the statute of limitations has run, the burden is upon

the plaintiff to prove the exception to the statute.

However, under the facts in the case at bar, after the testimony was all presented, the only question was whether or not the August 1, 1922, payment was a voluntary payment. There seems to be no doubt but what the property was sold and the money applied upon the note. The only disputed fact was whether the defendants agreed to such a payment. After the testimony was in, we think the case comes clearly under the general rule established in this state, and that the burden was upon the defendants to prove facts sufficient to show the statute was not tolled.

Under the pleadings, it might technically be contended that it was the duty of the plaintiff to proceed and prove the payment. However, the court required the defendants to proceed. We think this is immaterial, as was said in the case of Kline v. Mueller, 135 Okla. 123, 276 Pac. 200, quoting from the case of Quinton v. Kendall (Kan.) 253 Pac. 600:

"Where each party to a lawsuit had a fair opportunity to present all his evidence, the question as to which litigant had the burden of proof is immaterial, unless the trial court's ruling thereon shifts the risk of nonpersuasion from the litigant who must bear it in order to prevail in the action."

We think this statement has application to the case at bar. After the testimony was all in, the only dispute was whether a voluntary payment had been made, and we think the court correctly placed the burden of proof by his instructions upon the defendants, and the fact that he required the defendants to take the lead at the opening of the trial, we believe, becomes immaterial. Each party had ample opportunity to present all his evidence. We find nothing in the record that either party was deprived of a substantial right.

The third proposition argued by the defendants concerns the testimony of Mr. Cromwell, who was a witness and agent for the plaintiff, in which he testified that defendants orally offered to pay the interest sometime in the spring of 1922. It appears that this testimony was in rebuttal to the testimony on behalf of the defendants, that they had offered to pay the interest and it had been refused, and for that reason would not be reversible error.

From an examination of the entire record, however, we do not believe the testimony in any way affected the verdict and judgment in this case. The question in this matter was whether or not the payment in-dorsed upon the note of August 1, 1922, was a voluntary payment by the defendants, and this was the determining factor in the case.

From an examination of the entire record, we conclude that no reversible error was committed, and the judgment of the trial court should be and is hereby affirmed.

BENNETT, TEEHEE, LEACH, and REID, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) anno. 21 A. L. R. 1065; 17 R. C. L. p. 925; 4 R. C. L. Supp. p. 1162; 5 R. C. L. Supp. p. 962. See "Limitations of Actions," 37 C. J. §631, p. 1155, n. 95; §769, p. 1243, n. 59. "Witnesses," 40 Cyc. p. 2777, n. 78.