## SMITH v. FRENCH, Ex'x.

No. 22497. Jan. 29, 1935.

Cochran & Noble and S. L. O'Bannon, for plaintiff in error.

Herbert E. Smith, for defendant in error.

PER CURIAM. This action was filed in the district court of Okmulgee county by the plaintiff in error, D. P. Smith, against the, defendant in error, Georgia May French, executrix of the estate of Merritt Chester French, deceased, seeking to recover the sum of $1,448.58. According to the petition of the plaintiff, he was proceeding on the theory of an action on account. The defendant filed a motion to make more definite and certain by requiring the plaintiff to allege whether or not the goods, wares, and merchandise were furnished and services were rendered under the terms of a written or oral contract. The court sustained the motion in part. Thereupon the plaintiff filed his amended petition alleging "that the services above mentioned were rendered and performed in accordance with a verbal agreement and contract." The defendant filed his general denial and also pleaded the statute of limitation; thereupon issues were made by the plaintiff filing his reply. The action was tried before the court and jury, and upon the completion of the plaintiff's case, the defendant made her motion for a directed verdict, and the court sustained the same and directed a verdict for the defendant, and the jury thereupon returned a verdict for the defendant as directed. Judgment was rendered accordingly, and from the judgment the plaintiff has perfected his appeal to this court.

The plaintiff has made several assignments of error which are consolidated into four by the plaintiff in his brief, and the four assignments raise two propositions. The first proposition goes to the sufficiency of the evidence. By the amended petition in this case, the plaintiff based his action upon a contract, and he now contends that he also pleaded quantum meruit. We fail to find any such allegation. Pleadings must be clear and unambiguous and no presumptions should be indulged in by a court as to what was pleaded. When the plaintiff made the following allegation, "that the services above mentioned were rendered and performed in accordance with a verbal agreement and contract," in his petition, he thereby based his action upon contract. This was a specific allegation in the petition by which the plaintiff is bound. The plaintiff introduced evidence and proved a contract by which the plaintiff was to drill a well for oil to the depth of 2,550 feet for the consideration of $1.75 per foot. Therefore, the defendant would be obligated to the plaintiff in the sum of $4,462.50, and according to the plaintiff's own pleading, the defendant actually paid the sum of $4,631, or $168.50 in excess of the contract price. The plaintiff then introduced evidence to show that the well was drilled 3,021 feet, and as to the reasonable value of the services rendered in drilling and in doing certain extra day work.

We are of the opinion that such additional evidence was so meager that it could not have established a case against the defendant. We are therefore of the opinion that the trial court was correct in sustaining the defendant's motion for a directed verdict.

During the course of the trial, the plaintiff was called as a witness to testify in his own behalf, and offered into evidence books, accounts and daily records kept by himself showing the items charged for and also the credits that were given the deceased from time to time as payments were made. The defendant offered a timely objection on the grounds that the plaintiff was incompetent to testify, relying for his authority upon section 588, C. O. S. 1921 (sec. 271, O. S. 1931), that:

"No party to a civil action shall be allowed to testify in his own behalf, in respect to any transaction or communication had personally by such party with a deceased person, when the adverse party is the executor, administrator, heir at law," etc.

This section of our statutes has been construed by the court several times. This court has consistently held that the purpose of the above statute was to prohibit a party testifying in his own behalf in respect to any transaction or communication had with a deceased person individually.

In the case of Conklin v. Yates et al., 16 Okla. 266, 83 P. 910, the court, having under consideration the question of the party testifying in his own behalf with reference to a transaction with a deceased person, said:

"We think a fair construction of the statute is to render such party incompetent as a witness to testify to any and all transactions or communications had by such party with a deceased person individually."

In the case of Richardson v. Strother, 55 Okla. 348, 155 P. 528, the court held the plaintiff an incompetent witness to testify to any transaction had with the deceased on a suit against the administrator on an open account.

In the case of Wadleigh v. Parker, 34 Okla. 213, 124 P. 957, the defendant, who had been sued by the administrator upon a note and to foreclose a mortgage, was permitted to testify that an exhibit which had been introduced in evidence on cross-examination of the plaintiff was a statement of account made out in the deceased's own handwriting and showed the amount of money due from the defendant to plaintiff. This court held that the judgment of the lower court should be reversed, because of the admission of said testimony. The court reasoned that had it not been for the explanation of the exhibit, there would have been no evidence to sustain the judgment.

We are not unmindful of the contention of the plaintiff that defendant is alleged to have made certain admissions in regard to the plaintiff's exhibit, and that therefore he had admitted evidence to the transaction in the instant case, and consequently he could not object to competent evidence that further explained the transaction.

Having carefully studied the record in this case with reference to the alleged admission, we find the defendant made an admission only as to what an exhibit would show, and did not admit anything about the transaction in question in this case.

For the reasons herein expressed, we are of the opinion that the judgment of the trial court should be affirmed, and it is so ordered.

The Supreme Court acknowledges the aid of Attorneys Richard I. Pendleton, Sylvester Grim, and John H. Luttrell in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Pendleton and approved by Mr. Grim and Mr. Luttrell, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, and CORN, JJ., concur.