### JAMES v. WINGATE.

No. 26434.   Feb. 23, 1937.

A. C. Markley and T. B. Latham, for plaintiff in error.

Gordon & Gordon, for defendant in error.

HURST, J. Moses James was the owner of a 640-acre tract of land, located on the line between Pittsburg and Pushmataha counties, half in each county. In 1911, he conveyed this land to Mrs. Ella Jewell Sutterfield, and surrendered possession. In 1923, Mrs. Sutterfield and her husband executed three mortgages upon this land, which were duly recorded, and all assigned to plaintiff, Wingate, before maturity. In October 1927, Mrs. Sutterfield and her husband, by quitclaim deed, reconveyed said land to Moses James. No mention of the mortgage was made in the deed.

On August 9, 1932, plaintiff filed suit to foreclose the mortgages and joined as parties defendant the husband of Mrs. Sutterfield, she being deceased, and Verne Sutterfield, their minor son and only heir. Service was obtained by publication, and a guardian ad litem was appointed for the minor. Thereafter, on November 26, 1932, Moses James was made a party defendant, and although no summons was served on him, he filed an answer setting up the statute of limitations as a bar to the action against him.

The case was tried to the court without a jury, and plaintiff testified to the following facts: When the mortgages became due in 1924, Mrs. Sutterfield and her husband executed a written agreement with plaintiff whereby they agreed to give him possession of the land, and authorized him to rent it and, after payment of the expenses, apply the proceeds therefrom upon the indebtedness. Pursuant to this agreement plaintiff took possession of the land in 1924 and collected rents therefrom each year to and including 1931 and credited the same on the notes. On March 7, 1928, he filed suit against James to enjoin him from cutting timber from the land, and the court granted a permanent injunction on May 5th of that year. Soon thereafter, in the year 1928, James moved off the half of the land which he had been occupying since he obtained his deed, and did not return until 1931.

Defendant James testified that he reacquired title by quitclaim deed in October, 1927, and that he took possession of one-half of the land in November or December, 1927, collected rent for one year, then moved off in 1928 and did not return until 1931. He also testified that he did not know that plaintiff claimed any interest in the land until this suit was filed and that nobody had disturbed him in his possession.

The trial court made a general finding in favor of plaintiff, and rendered judgment foreclosing said mortgages, from which James is the only defendant who has appealed.

1. Defendant James contends that the action against him is barred by the five-year statute of limitations (section 101, O. S. 1931). First, considering the action as against the original mortgagors, the question is whether the rents collected by the mortgagee in possession and credited on the indebtedness under an agreement with the mortgagors to that effect, made after maturity of the debt and to prevent foreclosure, is sufficient payment to toll the statute. Section 107, O. S. 1931, provides that payment by the debtor of part of the principal or interest will toll the running of the statute. But the payment must be voluntary and under such circumstances as to warrant a clear inference that the debtor recognizes the existence of the debt. First State Bank of Loco v. Lucas (1934) 168 Okla. 406, 33 P. (2d) 622.

In the case of Preston v. Ed Hockady Hardware Co. (1929) 137 Okla. 283, 279 P. 332, it was held that where the parties agree, after maturity of the debt, that mortgaged chattels be sold at private sale and the proceeds applied on the indebtedness, payments made pursuant to this agreement are voluntary and sufficient to toll the statute of limitations. We can see no distinction in principle between an agreement authorizing the mortgagee to apply the proceeds from the sale of mortgaged chattels and an agreement authorizing him to apply the proceeds from the rent of mortgaged real estate. However, there must be authority from the debtor to the mortgagee to make the payments, and thus did this court, in the case just cited,

distinguish the case of Berry v. Oklahoma State Bank (1915) 50 Okla. 484, 151 P. 210, relied on by defendant James in the case at bar. The same distinction applies to Shanks v. Louthan (1909) 79 Kan. 363, 99 P. 613, also cited by the defendant. The remaining cases cited by defendant and numerous others holding that application of the proceeds of security on the debt under authority granted in the original mortgage at the time the debt was contracted, present a different situation from the one before us. 25 A. L. R. 58. For in the instant case, the agreement was made after default, and to prevent foreclosure, and the payments made thereunder constituted recognition of the existing debt, as required in First State Bank of Loco v. Lucas, supra. Had the agreement been made at the inception of the debt and execution of the mortgage, the authorities relied on by defendant would be in point.

When the Sutterfields authorized plaintiff to take possession of the land and apply the proceeds therefrom on the debt, each application was in effect a payment by themselves. It was not necessary that they be apprised of the amount of each payment and ratify the same, for the authority under the agreement was continuing. Such was not the case in Marreco v. Richardson (Eng. 1908) 2 K. B. 584, cited by defendant.

In addition to the cases cited by defendant James, there is a line of authority from other jurisdictions which, at first blush, seems to pass on the question before us with conflicting results. Brown v. Bookstaver (Ill., 1892) 31 N. E. 17; Frink v. LeRoy (Cal. 1874) 49 Cal. 314; Adams v. Holden (Iowa, 1900) 82 N. W. 468; Buss v. Kemp Lumber Co. (N. M., 1918) 170 P. 54. The first two cases cited are actions by the mortgagors to recover possession from mortgagees who have been put in possession by agreement, and it was held that they could not recover without payment of the mortgage debt. No such question is presented in the instant case. In the Iowa case, the application of the rent on the debt did not toll the statute of limitations against the mortgagor, because the agreement was part of the original mortgage and there was no further consent or recognition by the mortgagors. In the New Mexico case, the court held that possession of the mortgagee alone would not toll the statute of limitations, but the statute of that state did not specify payment as does the Oklahoma statute, supra, so the question of "voluntary payment" was not before the court. Thus these authorities are no guide to our problem.

The evidence discloses that the last payment made by the mortgagee in the instant case was in 1931 on one of the notes, and on the other two in 1930. Therefore, we hold that the action would not be barred by the statute of limitations as against the original mortgagors.

2. The next question is whether the statute is also tolled as to defendant James, who acquired the property by quitclaim deed after the mortgagee had gone into possession under this agreement. We hold that it is. A voluntary payment by the mortgagor after the debt becomes due and before the expiration of five years tolls the statute of limitations against third persons acquiring their interest after the recording of the mortgage. Smith v. Bush (1935) 173 Okla. 172, 44 P. (2d) 921. To prevent the tolling of the statute of limitations it would have been necessary for James to oust the mortgagee or otherwise repudiate the agreement. The burden of proof was on James to establish his defense of the statute of limitations. Preston v. Ed Hockady Hardware Co., supra. There was a conflict in the testimony as to the possession of James, but the record shows that he occupied no part of the land from 1928 to 1931, and there is no positive testimony that he repudiated the agreement. The trial court found in favor of plaintiff, and it is well settled that where the evidence is conflicting as to whether the statute of limitations has run, the finding of the court will not be disturbed, if there is any evidence reasonably tending to support it. Beamer v. Key (1926) 114 Okla. 276, 246 P. 628.

3. Defendant contends that the court erred in permitting the original mortgagee to testify regarding the agreement with Mrs. Sutterfield, under which Wingate took possession, for the reason that she was deceased. This contention is without merit. The only objection made was that the questions were too general and called for opinions or conclusions, and there was no objection as to the competency of the witness. The objection was not sufficient. Miller v. Nanney (1923) 91 Okla. 150, 216 P. 662. Also defendant's attorney cross-examined the witness on this point. Under such circumstances, defendant cannot claim error in the admission of this evidence, notwithstanding he afterwards moved to have it stricken. The objection was waived. In re Dearborn's Estate (1931) 151 Okla. 58, 2 P. (2d) 93; Secrest v. Nobles (1924) 97 Okla. 277, 223 P. 863; Conwill v. Eldridge (1918) 71 Okla. 223, 177 P. 79. The judgment is affirmed.

OSBORN, C. J., and BUSBY, WELCH,

CORN, and GIBSON, JJ., concur. PHELPS, J., dissents.