MITCHELL, Ex'r, v. KOCH.

No. 30961. Dec. 7, 1943.

*143 P. 2d 811.*

Mitchell & Mitchell and Meacham, Meacham, Meacham & Meacham, all of Clinton, for plaintiff in error.

Arney & Barker and A. J. Welch, all of Clinton, for defendant in error.

GIBSON, V. C. J. This is an action on a creditor's claim instituted by Stella Koch against E. L. Mitchell, executor of the estate of Frank W. Whitney, deceased. Judgment was entered on the verdict for plaintiff, and defendant appeals.

The creditor's claim was based upon the breach by the testator of an alleged oral agreement wherein he promised to will to plaintiff certain of his property in consideration for plaintiff's services as his housekeeper during the remainder of decedent's life.

The petition pleaded the oral agreement and the breach thereof, and sought to recover the value of plaintiff's services at $25 per month for 40 months.

The principal error assigned was the action of the court in permitting plaintiff, over defendant's challenge of her competency, to testify concerning the alleged transaction had with the testator. 12 O. S. 1941 § 384.

Plaintiff was permitted to testify at length concerning the services performed in the testator's home, and the value thereof. She was also permitted to testify concerning a conversation she had overheard between the testator and one of her witnesses wherein the testator told the witness that he had agreed to will to plaintiff certain property in consideration of her services.

Defendant says plaintiff's testimony was highly prejudicial as proof of, or in respect to, the transaction had with the decedent and upon which her cause of action was based; that said testimony was of the character specifically prohibited by section 384, supra, which in part provides as follows:

"No party to a civil action shall be allowed to testify in his own behalf, in respect to any transaction or communication had personally by such party with a deceased person, when the adverse party is the executor, administrator, heir at law, next of kin, surviving partner or assignee of such deceased person, where such party has acquired title to the cause of action immediately from such deceased person . . ."

In support, defendant cites Pancoast v. Eldridge, 157 Okla. 195, 11 P. 2d 918; Leonard v. Prentice, 171 Okla. 522, 43 P. 2d 776; Hartsell v. Davis, 175 Okla. 446, 53 P. 2d 261.

Plaintiff's testimony falls clearly within the statutory inhibition. She told

of the character and extent of her service to decedent, and the value thereof. This was essential to her cause of action, and constituted proof, at least, of an implied contract on the part of the decedent to pay a reasonable compensation for her services. Such is the nature of an action where, as here, the facts are such that specific performance of the agreement to will cannot be had. Pasley v. DeWeese, 183 Okla. 424, 82 P. 2d 1066.

This character of testimony was approved in Sinclair v. Stringer, 80 Okla. 218, 195 P. 771, as not constituting testimony in respect to a transaction had with the deceased, but this court, in Pancoast v. Eldridge, supra, specifically overruled that holding, and said that such testimony was prohibited by the statute, section 384, supra, which was formerly section 588, C.O.S. 1921. The rule as there expressed reads as follows:

"Under the provisions of section 588, C.O.S. 1921, a party to a civil action against the administrator of the estate of a decedent is incompetent to testify, in his own behalf, to facts which will raise an implied contract between such party and the decedent."

That rule was followed in Leonard v. Prentice and Hartsell v. Davis, supra.

The statute applies not only to testimony that would amount to direct proof of transactions had with a person since deceased, but to testimony that would tend indirectly to prove such transactions. Pancoast v. Eldridge, supra.

Plaintiff's testimony wherein she related the conversation had in her presence between another witness and the deceased relative to the latter's promise to will his property to plaintiff, was also improperly received. Plaintiff was not competent to give such testimony. Barrows v. Alford, 129 Okla. 265, 264 P. 628. In that case the court had the following to say with reference to the statute in question:

"The force of the statute cannot be avoided or circumvented by a showing that the alleged statements were made by the person, since deceased, to another, though in the presence and hearing of the surviving interested party. Such party plaintiff cannot testify about such communications or transactions."

See, also, Doyle v. Doyle, 184 Okla. 572, 89 P. 2d 305.

Plaintiff contends, however, that defendant waived his objection to her competency by cross-examining her with respect to her transaction with the deceased. Conwill v. Eldridge, 71 Okla. 223, 177 P. 79; Secrest v. Nobles, 97 Okla. 277, 223 P. 863.

Those two cases would seem to support the above contention, as does also In re Dearborn's Estate, 151 Okla. 58, 2 P. 2d 93. But the rule stated in those three cases has been definitely rejected as unsound by this court, and no longer remains the law. In Gaines Bros. Co. v. Gaines, 176 Okla. 576, 56 P. 2d 869, in referring to the three cases, this court said:

"It is to be noted that the rule recognized in the foregoing decisions is stated in language which intimates that one who objects to the competency of a witness cannot thereafter cross-examine such witness on the subject matter of his testimony without waiving his prior objection. Such intimation results from an unfortunate use of language and is incorrect. The cross-examination of a witness as to transactions or conversations with a deceased person does not amount to a waiver of the incompetency of such witness, where the cross-examination is confined to matters brought out on direct examination. But where the cross-examiner himself first enters the forbidden field, his adversary may pursue the inquiry on direct examination, and similarly a party who opens such an objectionable inquiry on direct examination cannot complain that his adversary pursues the same line of inquiry on cross-examination. In other words, the party who first elicits information from an incompetent witness cannot complain of a similar inquiry on cross-examination or redirect examination by his adversary."

And the court expressed the rule, as follows:

"A party to litigation, who elicits information concerning transactions or

communications with a deceased person from a witness incompetent to testify as to the same, cannot thereafter successfully object to his adversary· pursuing the same line of inquiry on cross-examination or redirect examination of the same witness."

See, also, Hinds v. Atlas Acceptance Corp., 178 Okla. 474, 63 P. 2d 29.

Plaintiff next contends that the action of the court in permitting plaintiff to testify, if erroneous, was only harmless error in view of the fact that the contract was fully proved by other witnesses, including the defendant himself. It is insisted that the judgment should not be set aside merely because of the alleged error in receiving such evidence. 22 O. S. 1941 § 1068; Pasley v. DeWeese, supra. And, further, that it is the duty of defendant to point out wherein the alleged incompetent evidence was considered and used by the court in arriving at its judgment. Id.

We may say here that we have examined the testimony given by defendant, and we do not interpret it as tending to establish or admit the obligation sued upon.

But, in cases of this character, tried to a jury, section 384, supra, is an absolute safeguard against testimony on the part of the plaintiff as to facts essential to his cause of action surviving against a decedent and bearing upon the disputed issues. Where such testimony, testimony relating to transactions had with the deceased, is vital and material to plaintiff's cause of action, to permit him to testify, over defendant's objection to his competency, constitutes a direct violation of the rights guaranteed to defendant by said section. Hartsell v. Davis, supra.

In the latter case the court, when considering the statute in question, which was then section 271, O. S. 1931, said:

"Since by section 271, O. S. 1931, it is expressly provided that persons oc-cupying the position of plaintiff herein are incompetent to testify, the denial of defendants' objection to the competency of the witness was prejudicial and constituted a direct violation of their statutory right. The competency or incompetency of testimony given by the witness is not involved, and the rules relating to the admission of incompetent evidence and requiring the showing of prejudice on account thereof are inapplicable."

Here, plaintiff's testimony extended quite at length to facts essential to her cause of action, and bore directly on the issues. We have no way of knowing to what degree the jury considered that evidence. Though it may have been merely cumulative, the weight accorded it by the jury may well have been the decisive element.

Contrary to plaintiff's contention, it is not incumbent upon defendant to show that the prohibited testimony was considered and used by the jury in arriving at a verdict. The rule stated in Pasley v. DeWeese, supra, placing such a burden on defendant, does not apply in law actions tried to a jury; the harmless error statute, section 1068, above, does not render harmless the testimony of a plaintiff who is made incompetent to give such testimony by said section 384.

Certain other errors are assigned. However, since none of them would require absolute reversal of the judgment and dismissal of plaintiff's cause, we need not review them. It is sufficient to say that by reason of the error in permitting plaintiff to testify over defendant's challenge to her competency, the judgment is reversed and the cause remanded for a new trial.

CORN, C. J., and RILEY, OSBORN, BAYLESS, DAVISON, and ARNOLD, JJ., concur. WELCH and HURST, JJ., absent.