SHELDEN, Adm'r, v. SHINN.

No. 34305. Feb. 19, 1952.

*239 P. 2d 803.*

Morgan & Allen, Guthrie, for plaintiff in error.

W. Custer Service and J. B. Marshall, Edmond, for defendant in error.

PER CURIAM. The defendant in error, plaintiff in the trial court, sued the administrator on a claim duly presented to and disallowed by him. The

claim was for board, room and nursing care of the decedent for the last several years of his life. It was based on an oral contract which was denied by the defendant. Certain credits were shown on the claim and it was contended by the defendant that these credits were in full satisfaction of any indebtedness that might exist. From a judgment based on a jury verdict in the amount of $1,533.33, the defendant appeals.

The numerous assignments of error are presented under three propositions: First, that the board, room and nursing was furnished in the home of plaintiff and her husband, during the existence of the Oklahoma Community Property Law, and that the husband was therefore an interested and necessary party to the action. Second, that the husband was incompetent to testify in favor of the plaintiff in any matter in regard to the transaction. Third, that the court erred in overruling defendant's demurrer to the evidence and motion for a directed verdict.

In support of his first proposition, the defendant refers to and discusses the following authorities: 32 O. S. Supp. 1947 §68; 32 O. S. Supp. 1947 §69; 12 O. S. 1941 §221; 12 O. S. 1941 §230; 12 O. S. 1941 §231; 12 O. S. 1941 §232; Atchison, T. & S. F. Ry. Co. v. Huckelbridge, 62 Kan. 506, 64 P. 58; Burkett v. Lehmen-Higginson Grocery Co., 8 Okla. 84, 56 P. 856; Illinois Oil Co. v. Block, 129 Okla. 122, 263 P. 650; Mainard v. Fowler, 171 Okla. 582, 42 P. 2d 878; St. Louis & S. F. Ry. Co. v. Webb, 36 Okla. 235, 129 P. 252; Stinchcomb v. Patterson, 66 Okla. 80, 167 P. 619; Walters v. Tulsa Rig, Reel & Mfg. Co., 113 Okla. 293, 241 P. 1095; 20 A. L. R. 1303; 11 Am. Jur. §59; 41 C. J. S. §469; 41 C. J. S. §471; 41 C. J. S. §475; 41 C. J. S. §489; 42 C. J. S. §540; 42 C. J. S. §541. All of these texts, statutes and authorities have been given careful consideration and will be referred to only insofar as we feel the same will be controlling or subject to reasonable question in the application made of such points of law involved.

32 O. S. Supp. 1947 §68 expressly provides that all property acquired during marriage shall be deemed community property unless the contrary be satisfactorily proved. In discussing the proof necessary to overcome this presumption of community property, the author in 11 Am. Jur. §47, p. 204, states the rule to be:

"It has been frequently asserted by the courts that the presumption in favor of the community character of property acquired by, or in the possession of, the spouses during the marriage can only be overcome by 'clear and convincing', 'clear and cogent', or by 'clear and conclusive' proof. So also, it has been declared that the evidence of a gift of community property by the husband to the wife must be clear. These expressions, however, are probably misleading, in that they imply more cogent proof than the law demands. It would be more accurate to say that the presumption may be overcome 'by a preponderance of evidence' or by proof to a moral certainty—that is, that degree of proof which produces conviction in an unprejudiced mind. As to whether or not the evidence offered is clear and convincing or is sufficient to overcome the presumption is a question for the trial court or jury, as the case may be; and, as in other cases, a finding in favor of either party on conflicting or contradictory evidence will not be disturbed on review."

This court, in Lovelady v. Loughbridge, 204 Okla. 186, 228 P. 2d 358, held that the presumption that the property was community was prima facie only, and that the same might be overcome by evidence.

The services rendered were largely nursing, which was a personal service performed by the wife. She testified her husband had no interest in the claim and the husband also testified he had no interest in the claim or account. There is no evidence to the contrary and clearly this evidence standing uncontradicted is sufficient to

overcome the presumption. This statement as to the ownership of the claim by both of the possible claimants, coupled with the failure of the husband to make any claim against the decedent's estate, is certainly sufficient to protect the estate from any possibility of a duplicate claim. The husband having disclaimed any interest in the account by his testimony, we conclude he was not a necessary party to the suit and the court did not err in refusing to dismiss the action for such reason.

For his second proposition the defendant contends the husband of the plaintiff was disqualified as a witness under 12 O. S. 1951 §§384 and 385. In this connection he cites: Conklin v. Yates, 16 Okla. 266, 83 P. 910; Grison Oil Corp. v. Lewis, 175 Okla. 597, 54 P. 2d 386; Hartsell v. Davis, 175 Okla. 446, 53 P. 2d 261; Mitchell v. Koch, 193 Okla. 342, 143 P. 2d 811; Pancoast v. Eldridge, 178 Okla. 306, 62 P. 2d 643; Smith v. French, 170 Okla. 392, 40 P. 2d 1038. The trial court held this witness was acting as the agent of his wife in these transactions and therefore permitted such testimony. He had no personal interest in the transaction. The cited authorities, therefore, are not in point and the testimony was properly admitted.

The third proposition raises the issues that the allegations are not sustained by the evidence. With this we cannot agree. The issues were submitted to the jury and there is evidence to sustain the verdict. The action is of legal cognizance and as the evidence reasonably tends to support the verdict, the judgment will not be disturbed on appeal. Union Transportation Co. v. Lamb, 190 Okla. 327, 123 P. 2d 660; Magnolia Pet. Co. v. Norton, 189 Okla. 252, 116 P. 2d 893.

Affirmed.

This Court acknowledges the services of Attorneys Kelly Brown, A. Camp Bond, and Harry G. Davis, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the Court.

HALLEY, V.C.J., and CORN, GIBSON, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.