**Hazel GILKES, Plaintiff in Error,**

**v.**

**Frank GILKES, Defendant in Error.**

**No. 40110.**

Supreme Court of Oklahoma.

Feb. 11, 1964.

Charley Crenshaw, Oklahoma City, for plaintiff in error, William W. Hayden, Oklahoma City, of counsel on appeal.

Tom S. Williams, Oklahoma City, for defendant in error.

PER CURIAM.

On October 23, 1961, plaintiff in error was granted a divorce from her husband, defendant in error. On December 29, 1961, she filed a motion to vacate the judgment on the ground of fraud, which motion was overruled, exceptions preserved and an appeal taken to this Court. The parties to this appeal are in reverse order to their positions in the trial court and hereafter will be designated as they appeared in the trial court.

The motion to set aside the divorce decree reads:

"COMES NOW Hazel Gilkes, defendant in the above matter, and shows to the Court that on the 23rd day of October, 1961, a divorce decree was granted in the above captioned matter, wherein there was a division of the

property. The defendant now comes alleging that a fraud was *purported* upon her, that there is newly discovered evidence which she wishes to introduce in the matter, and that this decree was entered without her knowledge or consent as to the provisions thereof.

"WHEREFORE, this defendant prays the court to set aside, vacate and hold for naught the divorce decree in such a manner as to be consistent with justice. Defendant further requests the court to order plaintiff to pay her attorneys fees in the matter and court costs involved in this action. And for all other proper relief as to the court may seem proper."

Defendant urges in this appeal that the trial court erred in granting the divorce to the defendant when defendant's pleadings and prayer by way of answer and cross-petition were limited to "maintenance and support."

We have before us an appeal by casemade. The casemade contains the pleadings and only the transcript of the evidence in so far as it pertains to the hearing on the "motion to set aside divorce decree". The casemade contains only the pleadings and judgment or the bare judgment roll of the divorce proceedings proper, and in this respect we have no evidence for review before us.

No contention is made by defendant that plaintiff's petition or her answer and cross-petition are insufficient in any respect, nor as to the jurisdiction of the subject matter or parties in the trial court.

 This Court consistently has adhered to the following rule, stated in Liberty Plan Co. v. Francis T. Smith Lumber Co. (Okl.), 360 P.2d 500, wherein Syl. 1 and 2 state:

"1. Variance between pleadings and proof is fatal only when it has misled or may serve to mislead the adverse party to his prejudice. 12 O.S.1951, § 311.

"2. Absent any indication of prejudice to the defendant, an amendment, which, if requested, should have been allowed by the trial court, so as to render plaintiff's petition conformable to the evidence adduced, will, on appeal, be regarded as having been made below."

In the earlier case of Ashinger v. White, 106 Okl. 19, 232 P. 850, Syl. 2 and 3 state:

2. "Where the trial court has jurisdiction of the parties and of the subject-matter, and the allegations in the pleadings are sufficient to challenge a judicial inquiry, the judgment rendered by the court is not void on account of an amendable defect or insufficiency in the pleadings, and it is not error for the court to refuse to vacate and set same aside for such reason upon petition filed by the plaintiff after the term.

3. "Where the evidence and the record of the proceedings occurring on the trial of the case are not brought to this court, but only the pleadings, findings, and conclusions of the court and motions made after judgment, the presumption is that all of the proceedings of the court are regular, and that the pleadings were treated by the parties as amended where an amendment may be allowed."

Also see Mayes County Milk Prod. Assn. v. Hunter (Okl.), 317 P.2d 736, @ 741, and cases cited.

We are left without a transcript of the evidence to enlighten us as to what occurred during the trial of the divorce proper. In Welfare Federation Act Committee of 1000 v. Richardson, Okl., 281 P.2d 428, we held:

"Where an appeal is by transcript and none of the evidence is before this court, generally, it will be presumed that the judgment was responsive to the evidence introduced and that the pleadings were treated by the parties as amended to conform both to the evidence and judgment."

**506** ■ 

The decree of divorce recites "the Defendant, having prayed for a divorce from the Plaintiff, should be granted a divorce." The presumption that the pleadings were amended to conform with the proceedings that occurred during trial, and to conform with the judgment must be overcome by the defendant. We have examined the record before us and weighed the evidence and hold that the trial court's ruling is not clearly against the weight of the evidence.

Defendant cites Ewing v. Ewing, 87 Okl. 72, 209 P. 440, in support of his contention that the trial court cannot grant a divorce when the prayer in the pleadings is in variance with the relief granted. An examination of that case reveals that this Court on review had before it the transcript of proceedings occurring at the trial.

Defendant also contends the trial court erred in not allowing the defendant to testify fully in support of her "Motion to Set Aside Divorce Decree" as to the allegations of fraud and condonation.

It will be noted that the grounds alleged are "that a fraud was *purported* upon her; that there is newly discovered evidence which she wishes to introduce in the matter; and that this decree was entered without her knowledge or consent as to the provisions thereof."

■■ We have reviewed fully the evidence given on the action to vacate, and this reveals that every item of so-called "newly discovered evidence" was known to defendant at the time of the original trial, and all of this evidence was revealed to her lawyer. Whether or not he introduced it in evidence does not constitute grounds for vacation of the judgment. One of the essential requisites concerning "newly discovered evidence" is that it must have been discovered since the trial. See States Exploration Co. v. Reynolds, Okl., 344 P.2d 275. There is no fact produced here that was not known to defendant at the time of the original trial. The record herein does not sustain the allegation of fraud. The matters asserted by defendant as providing support for defendant's claim of fraud appear from this record to have been matters within defendant's knowledge prior to the trial. The trial court was correct in its refusal to vacate the judgment on the grounds of newly discovered evidence.

■ Having carefully weighed the evidence we hold the trial court's holding is not against the clear weight of the evidence.

Affirmed.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, WILLIAMS, JACKSON, IRWIN and BERRY, JJ., concur.